**Linda MARSH and Frank Marsh, h/w, Appellants,**

**v.**

**Robert M. HANLEY, Appellee.**

Superior Court of Pennsylvania.

Argued April 14, 2004.

Filed July 30, 2004.

Steven M. Cranoff, Philadelphia, for appellants.

John R. Nealon, Scranton, for appellee.

BEFORE: DEL SOLE, P.J., ORIE MELVIN and BECK, JJ.

OPINION BY BECK, J.:

¶ 1 Plaintiff-appellant Linda Marsh and defendant-appellee Robert M. Hanley were involved in a motor vehicle accident and appellant filed this lawsuit for dam-

ages. Appellee conceded liability and the issue of damages only was tried before a jury. Both medical experts conceded that appellant suffered soft tissue injuries in the accident, and that those injuries could have taken as long as six months to heal. The jury rendered a verdict in favor of appellant in the amount of $2900.00, and post trial motions arguing the verdict was inadequate were denied. This appeal followed.[1]

¶2 In her appeal, appellant argues that the trial court erred when it denied her motion for a new trial. She claims that the jury's award apparently compensated her for lost wages only, and that the jury improperly awarded zero damages for pain and suffering. The jury's verdict slip did not identify the specific nature of the award. However, the precise amount of lost wages was $2909.88, and in closing argument, appellant's counsel rounded the request for lost wages to $2900.00. It seems clear that the jury's award was for lost wages only, and that they awarded zero dollars for pain and suffering. We consider whether the trial court properly decided that, under the circumstances of this case, appellant was not entitled to a new trial.

¶3 Our review of the record reveals that both parties' experts conceded that appellant suffered soft tissue injuries—cervical and lumbar strain—in the accident of January 30, 2001. Appellant's vehicle was struck twice by appellee's car, once on the driver's side upon initial collision, and again on the rear of the driver's side after appellee's car spun around 180 degrees. Appellant was taken by ambulance to the hospital where she spent a few hours immediately after the accident and felt pain in her neck and shoulder. She was released wearing a soft collar. Low back pain began later. A lumbar spine MRI was normal. She underwent physical therapy until May 9, 2001. Her neck pain resolved after 4 months and by June 2001, her physician indicated that her back pain had significantly improved or stabilized. She lost 354 hours of work as a cook, and ultimately returned on a part time basis. At trial, though appellant stated that she still feels lower back pain on occasion, appellee's expert opined that appellant suffered from degenerative changes that were normal for her age, and that the soft tissue injuries related to the accident should have resolved within three to six months of the accident.

¶4 In *Majczyk v. Oesch*, 789 A.2d 717 (Pa.Super.2001), an *en banc* panel of this Court upheld a jury award of zero dollars for pain and suffering. The court acknowledged that not all injuries are serious enough to merit compensation. The court held that under the facts of that case it was not reversible error to award zero damages for pain and suffering. The plaintiff in *Majczyk* claimed she suffered a herniated disc in a minor accident, causing ongoing pain and suffering, and requiring surgery. Though both sides' experts conceded that plaintiff suffered some injury in the accident, the jury found in favor of the defendant, whose expert opined the herniated disc was not caused by the accident, and that plaintiff's accident-related injuries were actually less severe, a mere "cervical strain."

---

1. Appeal was filed prior to the entry of judgment in the trial court. Apparently, an error in docketing the praecipe to enter judgment was the fault of the trial court prothonotary. We therefore regard as having been done that which should have been done, and consider this appeal as timely filed. *Compare Johnston the Florist, Inc. v. TEDCO Const. Co.,* 441 Pa.Super. 281, 657 A.2d 511 (1995) (court may not review merits of appeal taken prior to entry of judgment where parties refused to enter judgment).

¶ 5 The *Majczyk* Court specifically held that the jury may find for the defendant despite his obvious negligence when it does not believe the plaintiff's pain and suffering, or that her injury is the sort that is compensable. The Court quoted from *Boggavarapu v. Ponist,* 518 Pa. 162, 167, 542 A.2d 516, 518 (1988), for the proposition that some injuries are the sort of "transient rub of life for which compensation is not warranted." The court further held that "the determination of what is a compensable injury is uniquely within the purview of the jury." *Majczyk, supra* at 726. The court confirmed that credibility determinations lie within the province of the fact finder, and a jury is always free to believe all, part, some or none of the evidence presented. *Majczyk, supra* at 725–26. The court concluded that, based on this record, the jury properly found that plaintiff's accident-related injuries were minor, causing only a few days or weeks of discomfort, and not the sort that require compensation. *See also, Davis v. Mullen,* 565 Pa. 386, 773 A.2d 764 (2001) (jury may decide that no pain and suffering damages are due, even where medical expenses are awarded).

¶ 6 However, the instant case is different from *Majczyk* where the injury was not significant, and where the accident involved a minor rear end collision. This case is controlled by *Burnhauser v. Bumberger,* 745 A.2d 1256 (Pa.Super.2000). In *Burnhauser,* as here, the jury's minimal damages award matched exactly the amount of plaintiff's unreimbursed medical expenses ($1257.24). The court concluded that the jury therefore awarded zero dollars for pain and suffering, and this award bore no reasonable relationship to the loss suffered in a head-on collision, soft tissue injuries with pain that lasted for 6 months. Essentially, the court held as a matter of law that this was a *compensable* injury, the jury's verdict of zero damages for pain and suffering was contrary to the evidence, and affirmed the trial court's grant of a new trial. Like in *Burnhauser,* the instant case involved more than a minor rear end collision. Appellant's car was struck twice on the driver's side. An ambulance transported appellant to the hospital; she suffered injuries which required her to take medications; her symptoms did not ameliorate for almost six months; and she lost considerable time from work. Unlike the plaintiff in *Majczyk,* appellant here suffered compensable injury, and we hold *Burnhauser* controls. We therefore reverse the trial court's order denying a new trial on damages.[2]

¶ 7 Order denying post trial motions reversed. Matter remanded for a new trial on damages only. Jurisdiction relinquished.

---

**2.** The *en banc* court in *Majczyk* cited to *Burnhauser* generally, and noted that it and other earlier cases stood for the proposition that where a defendant concedes liability and his expert concedes injury resulting from the accident that would reasonably be expected to cause *compensable* pain and suffering, a jury's verdict for the defendant is against the weight of the evidence. *Majczyk, supra* at 722.