**Debra WOMACK, Appellee,**

v.

**Katherine CROWLEY and Kimberly Devine, Appellants.**

Superior Court of Pennsylvania.

Argued Nov. 16, 2004.
Filed June 22, 2005.

Philip A. Ryan, Philadelphia, for appellant.

Paul J. Felixon, Philadelphia, for appellee.

BEFORE: HUDOCK, TODD and BECK, JJ.

OPINION BY HUDOCK, J.:

¶ 1 Katherine Crowley and Kimberly Devine (Crowley and Devine) appeal from the order granting Debra Womack's (Womack) motion for a new trial limited to damages. For the reasons that follow, we affirm.

¶ 2 The trial court has ably summarized the relevant facts as follows:

On April 19, 2001, [Womack] was traveling west on Berkley Street when the car she was driving was hit from behind by a car driven by [Crowley]. [Womack was stopped at a traffic light at the intersection of Wayne and Berkley Streets. Crowley, who was driving Devine's Ford Explorer, was stopped behind Womack's vehicle. When the traffic light turned green, Crowley rear-ended Womack's vehicle, which was waiting for oncoming traffic to pass in order to make a left turn onto Wayne.] The force of the impact caused [Womack] to be thrown forward and her left leg and knee to twist. [Womack] was "shaken up and scared" but not in any immediate pain and declined to go to the hospital immediately after the accident.

When she arrived at her home following the accident [Womack] began experiencing "excruciating pain" in her back. She went directly to the hospital where she was diagnosed with a post-motor vehicle accident thoracic strain, given pain medication, and released. The next morning she began experiencing swelling, spasms, and pain in her left knee. [Womack] contacted her regular doctor at a health clinic but was told the clinic did not treat motor vehicle accident injuries. She was referred to Dr. Bowden and saw him for the first time about three weeks after the accident.

Fifteen years earlier, [Womack] suffered a back injury when she was the victim of a robbery. Treatment of this injury lasted seven years, after which she fully recovered. In the seven years prior to this car accident [Womack] experienced no pain and received no treatment for this injury. [Womack] has never had an injury to either of her knees.

[Womack] cared for the current pain in her back and knee at home until she was seen by Dr. Bowden three weeks later. Dr. Bowden treated [Womack] with physical therapy for six months before referring her to an orthopedic surgeon, Dr. Stark, who diagnosed her with a torn meniscus in her left knee, a pain producing condition. Dr. Bowden also referred her to Dr. Avart, another orthopedist, who treated her on two separate occasions with "very painful" injections of steroids in her left knee. Both orthopedists recommended that [Womack] have arthroscopic surgery on her left knee for the torn meniscus.

[On May 22, 2002, Womack initiated the instant negligence action against Crowley and Devine requesting damages for the personal injuries she sustained in the accident. In her complaint, Womack alleged that the injuries she sustained were the direct and proximate cause of Crowley and Devines' negligence, carelessness and/or recklessness in their actions or omissions. On June 24–25, 2003, a jury trial was held. At trial, Dr. Stark, via videotape deposition,] testified that the cause of [Womack's] injuries was the April 2001 car accident. He further testified that the recommended surgery is an invasive procedure requiring general anesthesia, usually followed by pain and possible complications. Dr. Stark further testified that the surgeon's fee for the arthroscopic surgery alone would cost $6,000. This amount does not [include] hospital, anesthesia, or other accompanying expenses.

During this time, [Womack] was without health insurance but received first party benefits from her automobile insurance. [Womack] discontinued treatment by her doctors in January 2002, when she had exhausted these benefits. As such, she was not able to have the recommended surgery on her left knee.

At trial, [Womack] testified that she still experiences pain in her left knee and lower back. She also feels pain and pressure in her right knee as a result of offsetting weight from her left side. She is unable to stand for long periods of time, impairing both her daily living and social activities. Dr. Stark testified that even after the arthroscopic surgery, [Womack] would likely develop arthritis in both knees and would need further medical treatment, including surgery, in the future.

Trial Court Opinion, 7/14/04, at 1–3. At the conclusion of trial, the jury found that Crowley was negligent and that her negligence was a substantial factor in bringing about Womack's harm. The jury then awarded an unallocated amount of $6,000.00 as damages. Womack thereafter filed post-trial motions excepting to the jury's verdict on the basis that the verdict was against the weight of the evidence and requested a new trial limited to damages. Following oral argument on the motion, the trial court, by order dated October 27, 2003, granted a new trial limited to damages. The trial court reasoned that the jury verdict was against the weight of the evidence because the verdict reflected an award only for medical expenses and did not include any award for pain and suffering. The court, in rendering its decision, explained, in part, that, "the damage award of $6,000.00, the exact amount of the surgeon's fee for the surgery Ms. Womack needs, shows that the jury made no award for pain and suffering. It is unreasonable for the jury to conclude that Ms. Womack experienced absolutely no pain or suffering in view of her uncontroverted testimony and injuries." Trial Court Opinion, 7/14/04, at 4. This appeal followed.

¶ 3 On appeal, Crowley and Devine present the following issues for our consideration:

1. Whether the trial court abused its discretion when it improperly granted [Ms. Womack's] Motion for a New Trial on damages when the jury's verdict was consistent with the evidence presented[?]

2. Whether [Ms. Womack] waived her right to post-trial relief by failing to object prior to the discharge of the jury, when the jury could have clarified the basis of their verdict on the amount of damages awarded[?]

3. Whether the trial court erred when it granted [Ms. Womack's] Motion for a New Trial on damages when [Ms. Womack] failed to object prior to discharge of the jury and [Ms. Womack] stated on the record that she had no objection to the verdict[?]

Crowley and Devine's Brief at 4. Because issues two and three pertain to the waiver of Womack's request for a new trial, we will address these issues prior to addressing whether the trial court erred in granting a new trial limited to damages, on the basis that the verdict was against the weight of the evidence.

¶ 4 In support of issues two and three, Crowley and Devine contend that because Womack is raising a challenge based on the inconsistency of the verdict, she should have objected to it prior to discharge of the jury. Thus, they contend that by failing to object Womack waived her right to challenge the verdict in post-trial motions. Crowley and Devine liken this case to that of *Picca v. Kriner*, 435 Pa.Super. 297, 645 A.2d 868 (1994). In *Picca*, we held that a plaintiff who failed to object to the jury's

verdict before the jury's dismissal was barred from requesting a new trial. *Picca* involved a motor vehicle accident where the defendant admitted fault in causing the accident but contested the extent of the plaintiff's injuries. At the conclusion of the trial, the jury was directed to enter its verdict via special interrogatories. The first interrogatory related to a finding of negligence. The jury was instructed to find in favor of the plaintiff because the defendant had admitted fault. The second interrogatory related to causation. The jury was asked, "Was the defendant's negligence a substantial factor in bringing about the plaintiff's harm?" *Id.* at 870. The jury responded in the negative. The plaintiff failed to object to the jury's verdict before the jury was discharged. The plaintiff then filed a post-trial motion for judgment notwithstanding the verdict or a new trial. The trial court granted the latter finding that "the jury verdict was so contrary to the evidence as to shock its conscience." *Picca*, 645 A.2d at 869. The defendant appealed and claimed that the plaintiff waived her right to ask for a new trial by failing to object to the problems with the verdict before the jury was dismissed. We agreed with the defendant and reversed the trial court. In reaching our decision, we determined that the verdict was inconsistent.

■ ¶ 5 However, our Supreme Court subsequently held in *Criswell v. King*, 575 Pa. 34, 36, 834 A.2d 505, 506 (2003), that "a weight of the evidence challenge need not be proffered before discharge of the jury in order to preserve the challenge for post-verdict and appellate review." The Court further elucidated "that an inconsistent verdict provides grounds for objection and, if a party seeks relief upon grounds of verdict inconsistency, it must forward a timely, contemporaneous objection upon the rendering of a verdict. But a claim of verdict inconsistency is not the same complaint as a claim sounding in evidentiary

weight." *Id.*, 575 Pa. at 47–48, 834 A.2d at 513. In the present case, Womack is seeking weight of the evidence relief and did not allege that the jury's verdict was inconsistent or ambiguous. Instead, Womack, in her post-verdict motion, specifically requested that the trial court grant a new trial limited to damages on the basis that "[t]he jury's award was manifestly against the weight of the evidence in that [she] established the fact and, through expert testimony, established that she sustained damages in the nature of physical injuries, necessitating medical treatment and that she, in fact, required surgery in the future at a cost of $6,000.00, which surgery was painful and dangerous and, in addition, [she] would continue to suffer from pain even following that surgery." Womack's Motion for Post–Trial Relief and New Trial, 7/1/03, at ¶ 1. Thus, Crowley and Devine's contention that Womack is challenging the inconsistency of the verdict is belied by the record. Accordingly, we find that Womack's challenge to the weight of the evidence was properly forwarded for the first time in a post-trial motion, and, as such, we dismiss Crowley and Devine's claims to the contrary as meritless. *Criswell*, 575 Pa. at 48, 834 A.2d at 513 (citing Pa.R.C.P. 227.1(b)).

■ ¶ 6 Having determined that Womack's claim was properly preserved, we now address the core issue of whether the trial court erred in granting a new trial limited to damages based on a finding that the verdict was against the weight of the evidence presented at trial. We have held that "[t]he decision whether to grant a new trial on weight of the evidence grounds rests within the discretion of the trial court and that decision will not be disturbed absent an abuse of discretion." *Dolan v. Carrier Corporation*, 424 Pa.Super. 615, 623 A.2d 850, 853 (1993) (citing

*Commonwealth v. Murray*, 408 Pa.Super. 435, 597 A.2d 111 (1991) (*en banc*)). An abuse of discretion occurs "when the trial court has rendered a judgment that is manifestly unreasonable, arbitrary, or capricious, has failed to apply the law, or was motivated by partiality, prejudice, bias or ill will." *Harman ex rel. Harman v. Borah*, 562 Pa. 455, 469, 756 A.2d 1116, 1123 (2000) (citing *Coker v. S.M. Flickinger Company, Inc.*, 533 Pa. 441, 447, 625 A.2d 1181, 1185 (1993)). Furthermore, a new trial based upon a weight of the evidence claim should be granted to a party:

> only where the verdict is so contrary to the evidence as to shock one's sense of justice [and not] where the evidence is conflicting [or] where the trial judge would have reached a different conclusion on the same facts.

> We have held that it is the duty of the trial court to control the amount of the verdict; it is in possession of all the facts as well as the atmosphere of the case, which will enable it to do more evenhanded justice between the parties than can an appellate court. Thus, a jury verdict is set aside for inadequacy when it appears to have been the product of passion, prejudice, partiality, or corruption, or where it clearly appears from uncontradicted evidence that the amount of the verdict bears no reasonable relation to the loss suffered by the plaintiff. Hence, a reversal on grounds of inadequacy of the verdict is appropriate only where the injustice of the verdict [stands] forth like a beacon.

*Davis v. Mullen*, 565 Pa. 386, 390, 773 A.2d 764, 766 (2001) (1995) (quotations and citations omitted).

¶ 7 In support of their claim, Crowley and Devine contend that the trial court erred in finding that the verdict was against the weight of the evidence in that there was ample support for the jury's award of $6,000.00. Womack counters that the jury's verdict was unreasonable, and the trial court properly granted a new trial limited to damages on the basis that the award, which was in the precise amount of the actual cost of the future surgery, clearly provided no damages for pain and suffering, which was established by the testimony of Dr. Stark and herself at the time of trial.

¶ 8 This Court has addressed similar claims in *Burnhauser v. Bumberger*, 745 A.2d 1256 (Pa.Super.2000), and in *Marsh v. Hanley*, 856 A.2d 138 (Pa.Super.2004). In *Burnhauser*, defendant and plaintiff were involved in an automobile accident when defendant's vehicle crossed the centerline and impacted the on-coming vehicle driven by plaintiff. After the accident, plaintiff was taken by ambulance to the hospital where she was treated for complaints of pain involving her back, chest, shoulders, neck arms and legs and, shortly thereafter, was released. For the following six months, plaintiff continued to suffer from soft tissue injuries. Plaintiff initiated suit against defendant seeking to recover damages for her injuries sustained as a result of the accident. At trial, both plaintiff and defendant's experts agreed that plaintiff had suffered soft tissue injuries. The jury returned a verdict in favor of plaintiff and awarded her $1,257.24, the exact amount of her unreimbursed medical expenses. The court concluded that the jury, therefore, awarded zero dollars for pain and suffering, and this award bore no reasonable relationship to the loss suffered in the collision. Accordingly, the trial court awarded a new trial limited to the issue of damages. On appeal, we affirmed the trial court's determination finding that the jury should not have limited the damage award to plaintiff's unreimbursed medical expenses because the injuries sustained were "of the types that normally involve pain and suffering[.]" *Id.* at 1261.

¶ 9 Similarly, in *Marsh*, we determined that a new trial limited to damages was warranted where the jury returned an award in the amount of plaintiff's lost wages but failed to award anything for pain and suffering. Plaintiff brought suit against defendant for injuries and damages sustained when plaintiff's vehicle was struck twice by defendant's car, once on the driver's side upon initial collision and again on the rear driver's side after defendant's car spun around 180 degrees. Plaintiff experienced neck and back pain for approximately six months after the accident, which caused her to lose 354 hours of work as a cook. The jury awarded plaintiff $2,900.00.[1] Plaintiff's post-trial motions arguing that the verdict was inadequate were denied by the trial court. An appeal to this Court followed. Relying on *Burnhauser, supra,* we reversed the trial court's order and remanded for a new trial on damages holding that, because the jury verdict clearly indicated an award only for lost wages, and because the plaintiff had suffered compensable injury, the jury's failure to make an award for pain and suffering bore no reasonable relationship to the loss suffered.

■ ¶ 10 We find that the present case is controlled by *Burnhauser* and *Marsh*.[2] Similar to those cases, the jury award in the present case reflects the exact amount of the future surgery as testified to by Dr. Stark and awards no amount for pain and suffering. While the severity of the impact in this case was disputed by the par-

ties, the jury clearly found that Crowley's negligence was a substantial factor in causing her injuries. Thus, because the torn meniscus and the back sprain are the type of injuries which we have previously found to involve pain and suffering, we find that the jury's award bears no reasonable relation to the injuries suffered by Womack. *Burnhauser, supra; Marsh, supra.* See also *Boggavarapu v. Ponist,* 518 Pa. 162, 167, 542 A.2d 516, 518 (1988) (instructing that, "there are injuries to which human experience teaches there is accompanying pain," including, *inter alia,* "the stretched muscle," which a jury may not disregard). Accordingly, we affirm the trial court's order granting a new trial as to the issue of damages.

¶ 11 Order affirmed.

■

---

1. The exact amount of the lost wage claim was $2,909.88. However, in closing argument, plaintiff's counsel rounded the request for lost wages to $2,900.00.

2. While we are cognizant that, in the case of *Kaufman v. Campos,* 827 A.2d 1209 (Pa.Super.2003), *appeal denied,* 576 Pa. 713, 839 A.2d 352 (2003), the majority, in addressing a similar claim, states that "the mere fact that the jury fixes on the exact number of the

medical bills does not necessarily mean that they awarded nothing for pain and suffering[,]" the disposition of that case was on the basis of waiver and any discussion pertaining to the merits of the underlying claim is dicta. See *Lewis v. Erie Insurance Exchange,* 753 A.2d 839, 849 (Pa.Super.2000), *affirmed,* 568 Pa. 105, 793 A.2d 143 (2002) (providing that a statement that was unnecessary to the disposition of a case constitutes *dicta* ).