## Sturgis v. Thompson

*Keith W. Kofsky*, for plaintiff
*Alan J. Dioh*, for defendant

MAIER, *S.J.*, July 19, 2013—

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff, Debra Sturgis, filed a complaint regarding this February 11, 2009 motor vehicle action on October 12, 2010; against defendant, Hugh A. Thompson, in the Court of Common Pleas in Philadelphia County, First Judicial District of Pennsylvania. A jury of 8 was requested. The case was scheduled for trial; but then remanded to arbitration, where a verdict was found for plaintiff. Defendant filed an appeal for trial de novo.

A jury trial was held from October 9, 2012 through October 11, 2012. Defendant admitted liability therefore, the court granted plaintiff's motion for directed verdict on the issue of liability in this rear end motor vehicle accident. NT 10-10-12, p.100. Plaintiff stipulated that there were no lost wages resulting from the accident. NT 10-9-12 p.7. Therefore, the sole issues before the jury were the nature and extent of the injuries sustained by the plaintiff, and the damages needed to compensate her for same. NT 10-10-12 p. 101.

The evidence at trial was, *inter alia*, that plaintiff sustained injuries to her neck, shoulders, and lower back as confirmed by plaintiff's expert Dr. Stepanuk, NT 10-

10-12, pp. 44, 47-48. In addition, plaintiff testified that she treated for seven months with a chiropractor and missed seven months of work. NT 10-9-12, pp. 60-63; 71-74. Further, plaintiff's expert Scott Silverman, D.C., testified that increased physical activity in the future could cause the plaintiff's injuries to flare up and she could experience pain in the future. *See* deposition testimony of Dr. Silverman, plaintiff exhibit P-6. Significantly, defendant's expert, Dr. Glaser, in his deposition agreed that plaintiff had sustained a lumbar contusion as a result of the accident. *See* deposition testimony of Dr. Glazer at pp. 71-72 and 98-99.

Initially, the jury brought back a verdict of $0.00 (zero dollars). NT 10-11-12 p. 3. Plaintiff objected, the court dismissed the jury, and a short recess ensued. Argument on the objection was then held outside the hearing of the jury. Plaintiff correctly objected that both the plaintiff's experts and a defendant expert had agreed that there had been injuries. NT 10-11-12 p. 3. Plaintiff further objected that case law mandates where there is a conceded injury that at least some damages must be awarded and that a zero damages award would require a new trial. NT 10-11-12 p. 4. The court sustained plaintiff s objection and noted that the damages to be awarded was a question best left to the jury as opposed to the court granting additur. NT 10-11-12 p. 5. The jury was brought back and instructed to continue deliberations because, as the court noted, the experts for both sides had agreed that there were some damages. NT 10-11-12 p. 7. Ultimately, the jury found in favor of plaintiff in the amount of $10,142.00. NT 10-11-12, p. 9.

Defendant filed a timely post trial motion for zero damages, or in the alternative for a new trial. Plaintiff

filed a timely response thereto. In addition, plaintiff filed a motion for delay damages, to which defendants responded. Defendant's post trial motion for new trial or zero damages was denied as set forth below. Plaintiffs' motion for delay damages in the amount of $414.18 was granted by separate order. Judgment on the molded verdict of $10,556.18 was entered on February 8, 2013. Defendant appealed on February 18, 2013. On March 10, 2013 the court issued a Pa. R.A.P. 1925B order for statement of errors complained of on appeal. The defendant filed said 1925B statement on March 19, 2013. Defendant raises three issues on appeal; to wit that: (1) There was no evidence of future pain and suffering presented; (2) the court should not have instructed the jury that zero damages was not appropriate under the facts of the case; (3) zero damages was not against the weight of the evidence.

As discussed more fully below, there is no merit to any of the arguments defendant raises on appeal. There was ample evidence that plaintiff sustained compensable injuries. Pursuant to case law, and the facts of the instant case, the corrected jury instruction was appropriate. The $10,142.00 verdict bore a reasonable relation to the injuries suffered by plaintiff. Defendant's appeal should be denied.

## II. DISCUSSION

### A. MOTION FOR REMITTITUR IN THE NATURE OF A MOTION TO RECOGNIZE AN IMPROPER ZERO DAMAGES VERDICT

*Standard Pennsylvania Civil Jury Charge* 7.60 states in its entirety:

"The parties agree that the plaintiff sustained some

injury in the accident. The defense medical expert testified that the accident caused some injury to the plaintiff. The defense disputes the extent of the injury caused. *Therefore, if you find the defendant negligent, you must award the plaintiff some damages for those injuries.*" (Emphasis supplied) The aforementioned *Standard Pennsylvania Civil Jury Charge* 7.60 is essentially the charge that was given to the jury. NT 10-10-12 pp. 137-139.

In the case sub judicie negligence and causation were admitted; and supported by the evidence presented at trial. The defendant's own expert admitted some injuries were sustained as a result of the accident. Perforce, the giving of *Standard Pennsylvania Civil Jury Charge* 7.60 with the proviso that negligence and causation had been stipulated to and that the jury had to award whatever amount of damages it believed would fairly and adequately compensate the plaintiff was totally appropriate.

As the Subcommittee Note to Civil Jury Charge 7.60 indicates:

In *Womack v. Crowley*, 877 A.2d 1279 (Pa Super. 2005), the Superior Court of Pennsylvania followed the standing rule that where there is undisputed evidence of medical testimony and an agreement of both parties that the plaintiff sustained at least some injury, it is improper for the jury to find that the defendant's negligence was not a factual cause in causing the injury. *Womack* follows *Burnhauser v. Bumberger*, 745 A A2d 1256 (Pa. Super. 2000), and *Marsh v. Hanley*, 856 A.2d 138 (Pa. 2004). *See also Kraner v. Kraner*, 841 A.2d 141 (Pa. Super. 2004), which follows *Andrews v. Jackson*, 800 A.2d 959 (Pa. Super. 2002)

The Subcommittee Note further states that where both medical experts agree that the plaintiff sustained some injury that it would be reversible error were the court not to instruct the jury that the defendant's negligence was a factual cause in bringing about injury to the plaintiff. In *Andrews, supra,* the jury found zero damages where both defendant and plaintiff experts agreed there was some injury, leading the Superior Court to grant a new trial on the issue of damages. *Id.* at 962. *See also: Mietelski v. Banks,* 854 A.2d 579 (Pa. Super. 2004).

Moreover, where both experts agree that there is an injury, zero damages for pain and suffering is not appropriate, as the Superior Court in *Womack* commented in its discussion of *Burnhouser*:

> The jury returned a verdict in favor of plaintiff and awarded her $1,257.24, the exact amount of her unreimbursed medical expenses. The court concluded that the jury, therefore, awarded zero dollars for pain and suffering, and this award bore no reasonable relationship to the loss suffered by the collision. Accordingly, the trial court awarded a new trial limited to the issue of damages. On appeal, we affirmed the trial court's determination finding that the jury should not have limited the damage award to plaintiff s unreimbursed medical expenses because the injuries sustained were "of the types that normally involve pain and suffering."

*Womack* at 1283.

Defendant filed a post trial motion for zero damages, or in the alternative a new trial. Clearly under the case law cited above for the court to have permitted a zero damages

award would have been reversible error. Here, plaintiff never argued that damages were severe, only that there were injuries and pain and suffering for which plaintiff should be compensated. Injuries to the neck, shoulder and lower back normally involve pain and suffering, thus zero damages would have been inappropriate.

To the extent that defendant is arguing that the damage award was excessive, he is in essence seeking remittitur or a new trial. The grant or refusal of a new trial because of the excessiveness of the verdict is within the discretion of the trial court. *See Hall v. George*, 170 A.2d 367 (Pa. 1961). However, our Superior Court has made it clear that a verdict is only to be overturned if it is so grossly excessive as to shock one's sense of justice. *See Kravinsky v. Glover*, 396 A.2d 1349 (Pa. Super. Ct. 1979).

The Pennsylvania Superior Court has enumerated a number of factors to consider when determining whether a verdict is excessive. *See Kemp v. Philadelphia Transportation Company*, 361 A.2d 362 (Pa. Super. Ct. 1976) and, more recently, *Gbur v. Golio*, 932 A.2d 203, 212 (Pa. Super. Ct. 2007):

> To determine if a compensatory award is excessive the Court may consider, "(1) the severity of the injury; (2) whether the plaintiff's injury is manifested by objective physical evidence or whether it is only revealed by the subjective testimony of the plaintiff (and, herein, the court pointed out that where the injury is manifested by broken bones, disfigurement, loss of consciousness, or other objective evidence, the courts have counted this in favor of sustaining a verdict); (3) whether the injury will affect the plaintiff permanently; (4) whether the plaintiff can continue with his or her employment;

(5) the size of the plaintiff's out-of-pocket expenses; and (6) the amount plaintiff demanded in the original complaint."

*Gbur v. Golio*, 932 A.2d 203, 212 (Pa. Super. Ct. 2007).

Here, the court properly instructed the jury that it could not award zero compensatory damages. Defendant admitted liability for the rear end accident. The only issue is damages. Plaintiff sustained injuries to her neck, shoulders and lower back. She received 7 months of medical treatment. She testified that she could not continue her employment for seven months. Although lost wages were stipulated out of the case, the seven months of medical treatment and seven months of being unable to work were properly before the jury in conjunction with medical testimony and were relevant to the issue of pain and suffering. The verdict was not out of proportion to plaintiffs' damages demands.

This court denied defendant's post trial motion for zero compensatory damages because there was sufficient evidence of injury, and an admission by defendant's own expert that there was some injury. This evidence required that the trial court to instruct the jury to award some damages. Further, the damages awarded were not grossly excessive, nor a shock to the court's sense of justice. It is the province of the jury to decide the extent of compensatory damages. *See Kemp, supra.* Using its discretion and considering the abovementioned factors, this court does not find the compensatory award to be excessive. Defendant's arguments, that the damages should be zero, or that defendant be accorded a new trial, are without merit

## B. MOTION FOR A NEW TRIAL

When presented with an appeal from the denial of a motion for a new trial, an appellate court's scope of review is limited to "whether the trial court abused its discretion or committed an error of law which affected the outcome of the case." *Price v. Guy*, 735 A.2d 668, 670 (Pa. 1999). This court will discuss defendant's arguments and explain why they were unable to meet their burden to show that this court abused its discretion. This court, in an attempt to maintain a clear record for the appellate courts, will discuss the standards for reviewing a jury charge and then examine the charge in light of the Pennsylvania Standard Civil Jury Instructions.

When the appellate courts review a claim regarding error with respect to a specific jury charge, they view the charge in its entirety. The appellate courts consider all the evidence of record to determine whether or not error was committed. *Lockhart v. List*, 665 A.2d 1176, 1179 (Pa. 1995. *Reilly by Reilly v. SEPTA*, 489 A.2d 1291 (Pa. 1985). *See also: Gunn v. Grossman* 748 A.2d 1235, 1243, (Pa. Super. 2000).

Our Supreme Court explained their standard for review most plainly in *Quinby*. "In examining jury instructions, our scope of review is limited to determining whether the trial court committed a clear abuse of discretion or error of law controlling the outcome of the case." *Quinby v. Plumsteadville Family Practice, Inc.*, 907 A.2d 1061, 1069 (Pa. 2006) citing *Stewart v. Motts*, 654 A.2d 535, 540 (Pa. 1995).

As previously noted, *Standard Pennsylvania Civil Jury Charge* 7.60 states in its entirety:

"The parties agree that the plaintiff sustained some injury in the accident. The defense medical expert testified

that the accident caused some injury to the plaintiff. The defense disputes the extent of the injury caused. *Therefore, if you find the defendant negligent, you must award the plaintiff some damages for those injuries.*" (Emphasis supplied) Here, negligence and causation were admitted. The aforementioned *Standard Pennsylvania Civil Jury Charge* 7.60 is essentially the charge that was given to the jury. NT 10-10-12 pp. 137-139.

The ineluctable conclusion is that defendants should not be granted a new trial because the trial court simply read *Standard Civil Jury Instruction* 7.60 in its entirety as was proper given the evidence adduced at trial and the stipulations of the parties which showed that plaintiff had sustained injuries, and that experts on both sides agreed that injuries had been sustained, but not the extent of the injuries. Given the proper instructions, the jury returned with a verdict that adequately reflected the injuries to the plaintiff.

Evidence was presented at trial with respect to plaintiff's injuries; pain and suffering past, present, and future; and loss of ability to enjoy life's pleasures. Plaintiff's testimony about her difficulties was corroborated by her experts; and to a limited extent by defendant's own expert, Dr. Glazer, Defendant's alternative motion for a new trial should be denied.

## III. CONCLUSION

For the foregoing reasons, this court denied defendant's post trial motion for zero damages, in nature of a motion for remittitur, and also in the alternative defendant's post trial motion for new trial. Defendant's appeal lacks merit and should be denied.