J-A01042-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| GUY GORNICK AND LEIGH GORNICK, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| MILDRED MCHUGH, | |
| Appellee | No. 745 WDA 2014 |

Appeal from the Judgment entered April 17, 2014,
in the Court of Common Pleas of Butler County,
Civil Division, at No(s): 2011-11250

BEFORE:  FORD ELLIOTT, P.J.E., DONOHUE, and ALLEN, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED JANUARY 20, 2015**

Spouses Guy and Leigh Gornick, (hereinafter "Mr. Gornick" or collectively "Appellants"), appeal from the trial court's entry of judgment in their favor and against Mildred McHugh, ("McHugh"), following the trial court's denial of Appellants' motion for a new trial on future medical expenses.  We affirm.

The trial court set forth the procedural and factual background relative to this action as follows:

> [Appellants] commenced litigation on October 13, 2011, asserting claims for negligence and loss of consortium against [McHugh] in light of [McHugh's] alleged negligence in causing a rear-end automobile accident on October 16, 2009, which resulted in injuries to the Plaintiff, Guy Gornick (hereinafter "Guy Gornick" or "Mr. Gornick").
>
> On or about March 31, 2014, a Civil Jury Trial commenced before the undersigned.  During the trial, two medical expert witnesses, Ghassan Bejjani, M.D. and Edward D. Reidy, and one

life-care planning expert, Varsha Desai, offered testimony on the issue of Mr. Gornick's future medical care and expenses. Ms. Desai, [Appellants'] life-care planning expert, testified that the [Appellants'] future medical expenses would be between $121,730.83, and $124,330.83. Although [McHugh] did not offer expert testimony on the issue of Mr. Gornick's future medical expenses, counsel for [McHugh] cross-examined [Appellants'] expert witnesses, challenging their assessment of the need for, and amount of, future medical expenses.

On April 2, 2014, the jury returned a verdict in favor of [Appellants], and against [McHugh], finding [McHugh] negligent and that her negligence was a factual cause of [Appellants'] harm. **See** Questions Numbered 1 and 2, respectively, of the Verdict under date of April 2, 2014. Additionally, the jury awarded a total of $39,013.00, in damages to [Appellants], as the amount they found to be "fair and reasonable based upon the evidence and testimony presented." **See** Question Numbered 3 of the Verdict under date of April 2, 2014. The jury found that [Appellants] sustained $20,513.00, in damages for medical expenses, $5,500.00, in damages for past pain and suffering, and $13,000.00, in damages for future pain and suffering; the jury did not find that monetary damages were "fair and reasonable based upon the evidence and testimony presented," for future medical expenses, embarrassment and humiliation, enjoyment of life's pleasures, or for loss of consortium. **Id.**

On or about April 10, 2014, [Appellants'] Motion for Delay Damages and [Appellants'] Motion for Post-Trial Relief and Request for Transcription of Trial Testimony and Record were filed. After hearing oral argument on [Appellants'] post-trial motions, the undersigned granted [Appellants'] Motion for Delay Damages, adding delay damages in the amount of $2,389.41, to the verdict of $39,013.00, for a total judgment against [McHugh] of $41,402.41. **See** [Appellants] Motion for Delay Damages and Order of Court under date of April 17, 2014. [Appellants'] Motion for Post-Trial Relief, through which [Appellants] sought a new trial limited to the issue of compensatory damages for future medical expenses in light of their argument that the jury's verdict was against the weight of the evidence, was denied by the undersigned after due consideration. **See** [Appellants'] Motion for Post-Trial Relief and Request for Transcription of Trial Testimony and Record and Order of Court under date of April 17, 2014.

Owing to the decision issued by this Court on or about April 17, 2014, to deny [Appellants'] Motion for Post-Trial Relief and Request for Transcription of Trial Testimony and Record, on or about May 6, 2014, [Appellants] filed a timely Notice of Appeal with the Office of the Prothonotary of Butler County, Pennsylvania. Upon receipt of said Notice of Appeal, on or about May 9, 2014, in accordance with Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, this Court entered an Order of Court wherein the Appellants were directed to file of record and serve upon the undersigned trial judge a Concise Statement of the Matters Complained of on Appeal no later than twenty-one (21) days from the date of the Order of Court.

On or about May 19, 2014, [Appellants'] Concise Statement of the Matters Complained of on Appeal was filed with the Prothonotary's Office of Butler County, Pennsylvania.

Trial Court Opinion, 7/1/14, at 1-3. On July 1, 2014, the trial court issued its Pa.R.A.P. 1925(b) Opinion.

Appellants present the following issue for our consideration:

1. Should the trial court have granted a new damages trial limited to determining [Appellants'] future medical expenses, where the jury found that Mr. Gornick suffered injuries and damages resulting from [McHugh's] negligence; [McHugh] did not contest future medical expenses, *i.e.,* future ongoing medications, relating to Mr. Gornick's injured lower back condition; and yet, despite the existence of such uncontroverted evidence, the jury awarded no money for this element of damage?

Appellants' Brief at 4.

We recognize:

[O]ur standard of review when faced with an appeal from the trial court's denial of a motion for a new trial is whether the trial court clearly and palpably committed an error of law that controlled the outcome of the case or constituted an abuse of discretion. In examining the evidence in the light most favorable to the verdict winner, to reverse the trial court, we must

- 3 -

conclude that the verdict would change if another trial were granted.

*Schmidt v. Boardman*, 958 A.2d 498 (Pa. Super. 2008). Further, we acknowledge that "[t]he decision of whether to grant a new trial is within the sound discretion of the trial court … [and] a new trial is warranted where the jury's verdict is so contrary to the evidence as to shock one's sense of justice." *Andrews v. Jackson*, 800 A.2d 959, 962 (Pa. Super. 2002) (internal citation omitted).

Appellants contend:

The jury found that [Mr. Gornick] suffered a lower back injury, namely an aggravation of his spondylolisthesis at L5-S1 (which was asymptomatic prior to the automobile accident because of [McHugh's] negligence, but ordered no money - not a single penny - for his future medical care. This non-award cannot be squared with the uncontested evidence at trial.

Appellants' Brief at 11-12. Appellants maintain "there is no reasonable relationship between the evidence presented at trial and the jury's verdict regarding future medical expenses … The verdict is shocking and truly unfair; it calls for a new damages trial on this limited point. The trial court wrongly denied [Appellants'] post-trial motion for relief." *Id.* at 14.

In rebutting Appellants' claim of error, the trial court reasoned:

[T]he jury's verdict may be set aside if it is the product of passion, prejudice, partiality, or corruption, or if it is clear the verdict bears no reasonable relationship to the loss suffered by the plaintiff based on the uncontroverted evidence presented. *Kiser v. Schulte,* 538 Pa. 219, 648 A.2d 1, 4 (1994).

In *Kiser*, an expert witness testified that the net economic loss resulting from the teenage decedent's death was between

- 4 -

$232,400.00 and $756,081.43. *Kiser,* at 5. As is also the case in the instant matter, the defense did not present its own expert, but extensively cross-examined [Appellants'] expert. In *Kiser,* the $232,400.00 figure was conceded only after defense counsel suggested the 40% "personal maintenance" deduction, as originally applied, was low and that a 70% deduction was appropriate. *Id.* The expert testified that he would reduce the net economic loss to $232,400.00 on the bottom end of the range. *Id*. The Supreme Court of Pennsylvania stated, "Thus, the uncontroverted testimony at trial was that the net economic loss that would result from Ms. Kiser's death ranged from $232,400.00 to $756,081.43." *Id.* That is, what was uncontroverted was the minimum estimate of $232,400.00, which was conceded after cross-examination. The original range was not uncontroverted simply because the defense presented no evidence; the cross-examination challenged that evidence. Therefore, the jury award of about 11% of the uncontroverted range was inadequate in *Kiser*. [*See*] *Carroll v. Avallone*, 595 Pa. 676, 939 A.2d 872, 874-875 (2007).

In the instant matter, the evidence admitted at trial does not permit one to conclude that Varsha Desai's opinion that Mr. Gornick's future medical expenses would be between $121,730.83, and $124,330.83, was "uncontroverted." *Kiser* did not treat the direct testimony as uncontroverted, as cross-examination challenged the calculation, and thus, does not stand for the proposition that the lack of an expert counter-opinion renders the first expert's opinion uncontroverted. *Carroll v. Avallone,* 595 Pa. 676, 939 A.2d 872, 875 (2007). During the trial in the matter at hand, counsel for [McHugh] challenged the future cost projection prepared by Ms. Desai, noting the various treatment options discussed by Dr. Ghassan Bejjani, and that Ms. Dessai's report on future medical costs was calculated solely using the option of surgery. In fact, Ms. Desai agreed that 99% of the future cost projection that she prepared and testified to at trial addressed a future operation. **See** Page 151, Line 8, through Page 152, Line 11, of Proceedings Held Before the Honorable S. Michael Yeager on March 31, 2014. The cross-examination of Ms. Desai, in addition to the respective cross-examinations of Dr. Bejjani and Dr. Reidy, all contested the extent of Mr. Gornick's alleged future medical expenses, as well as the necessity of the projected future medical expenses.

A basic factual challenge to the underpinnings of the expert's opinion was made here. While it is speculative to

presume Mr. Gornick will not require future surgery, it is also speculative to presume that he will. The nature and extent of Mr. Gornick's alleged injuries was for the jury to decide and they were free to evaluate the evidence before them as they saw fit.

The concept of *Kiser v. Schulte*, that the verdict must bear a relation to the evidence, is in tension with the notion that a jury may reject any evidence offered, even if uncontroverted; a jury is not obliged to believe or disbelieve any evidence presented at trial, including an expert's opinion. However, a jury's verdict cannot be based on whim or caprice, hence the holding in *Kiser. Carroll v. Avallone,* 595 Pa. 676, 939 A.2d 872, 875 (2007).

When there is no argument or opposition on a particular point, the jury may not be free to disregard such information. "Uncontroverted" evidence is evidence which is unopposed or unchallenged, not merely uncontradicted. If one party has the burden of proof, opposing counsel may strenuously controvert the evidence through cross-examination and argument; reasons not to accept the plaintiff's evidence may suffice to prevent the meeting of that burden, even without affirmative countervailing evidence. *Carroll v. Avallone,* 595 Pa, 676, 939 A.2d 872, 874-875 (2007).

In the instant matter the evidence of Mr. Gornick's need for future surgery and his future medical expenses did not amount to uncontroverted evidence, and Ms. Desai's opinion did not amount to "proven damages." The jury's determination that [McHugh's] conduct was not a factual cause in bringing about the alleged future medical expenses is not contrary to the evidence admitted at trial and thus, should not be set aside.

Trial Court Opinion, 7/1/14, at 4-7. Based on our careful review of the record, we agree with the trial court because the record viewed in the light most favorable to McHugh supports the judgment entered in McHugh's favor. Therefore, the trial court did not err or abuse its discretion in denying Appellants' post-trial motion for a new trial.

As espoused by our Supreme Court:

> Given the primary role of the jury in determining questions of credibility and evidentiary weight, this settled but extraordinary power vested in trial judges to upset a jury verdict on grounds of evidentiary weight is very narrowly circumscribed. A new trial is warranted on weight of the evidence grounds only "in truly extraordinary circumstances, *i.e.,* when the jury's verdict is '*so contrary to the evidence that it* shocks one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail.'" *Armbruster v. Horowitz,* 572 Pa. 1, 813 A.2d 698, 703 (2002) (emphasis original) (quoting *Commonwealth v. Brown,* 538 Pa. 410, 648 A.2d 1177, 1189 (1994)). This Court has also noted that one of the reasons that the power and duty to upset a verdict on weight grounds is so narrowly circumscribed is because of the obvious tension between the broad, settled, exclusive role of the fact-finder in assessing credibility and the limited power of trial judges, in narrowly circumscribed circumstances, to overturn those assessments when the judicial conscience is not merely disappointed, or uncomfortable, but shocked. *Id*. at 704.

*Criswell v. King,* 834 A.2d 505, 512-513 (Pa. 2005).

Instantly, the trial court's judicial conscience was not shocked by the jury's verdict which denied future medical expenses, but awarded damages for past medical expenses, and for past and future pain and suffering. The trial court found that "[t]he jury's determination that [McHugh's] conduct was not a factual cause in bringing about the alleged future medical expenses is not contrary to the evidence admitted at trial and thus, should not be set aside." Trial Court Opinion, 7/1/14, at 7. While Appellants criticize the depth and breadth of McHugh's refutation of Appellants' future medical expenses, Appellants concede that McHugh did raise a "challenge to [Appellants'] claim for future medical expenses." Appellants' Brief at 12. Appellants acknowledge that McHugh "questioned whether Mr. Gornick

- 7 -

would actually undergo future surgical intervention as set forth in [his] life care plan." *Id*. Appellants recognize that McHugh "also attacked [Appellants'] experts, insinuating that their testimony was not credible because they were paid experts." *Id*. at 13.

Appellants argue that McHugh "did not challenge the need for ongoing, continued medications [for Mr. Gornick] necessitated by life with an aggravated lower back condition that was caused by the negligence of [McHugh]" totaling $1,298.38, thereby "conced[ing] a damages floor of at least $1,298.38 … that Mr. Gornick would require to live with and manage the pain associated with his lower back injury caused by [McHugh's] negligence." Appellants' Brief at 36. Appellants' argument discounts, however, that McHugh introduced the videotaped deposition of Dr. David S. Zorub, M.D., who provided expert medical opinion testimony for the jury's consideration that any future medical expenses Mr. Gornick incurred, if any, would be relative to his pre-existing degenerative spondylolisthesis condition, rather than from the motor vehicle accident. N.T., Deposition of Dr. Zorub, 3/27/14, at 25 (Mr. Gornick's "**ongoing symptomology now is related to the primary diagnosis of the spondylolisthesis and the degenerative process**") (emphasis supplied); 37 ("to relate what is going on now or in the future to that singular vehicular event … to the future progression of a primary spondylolisthesis, would be medically inappropriate"); 50 (further medical treatment by Mr. Gornick "would be related to the primary problem [of spondylolisthesis] and not due to the

singular vehicle event"); 53 (**"the accident isn't the cause for the probable need for future treatment"**) (emphasis supplied). Accordingly, we cannot disregard that in finding that Appellants were not entitled to any future medical expenses, the jury did not credit Appellants' argument regarding the need for same, but rather credited McHugh's refutation concerning future damages. We reiterate:

> [I]t is within the province of the jury to assess the worth of the testimony, which it may then accept or reject. We agree that the jury is free to believe all, some or none of the testimony presented by a witness. However, this rule is tempered by the requirement that the verdict must not be a product of passion, prejudice, partiality, or corruption, or must bear some reasonable relation to the loss suffered by the evidence [] as demonstrated by uncontroverted evidence presented at trial. The synthesis of these conflicting rules is that a jury is entitled to reject any and all evidence up until the point at which the verdict is so disproportionate to the uncontested evidence as to defy common sense and logic.

*Neison v. Heimes,* 653 A.2d 634, 636-37 (Pa. 1995) (internal citations omitted).

Our careful scrutiny of the record does not reflect that the jury's verdict, which awarded damages to Appellants for past medical expenses, and for past and future pain and suffering, but denied damages for controverted future medical expenses is "so disproportionate to the uncontested evidence as to defy common sense and logic." *Id.*; *compare Womack v. Crowley,* 877 A.2d 1279, 1284 (Pa. Super. 2005) (affirming trial court order granting new trial where "the jury award … reflects the exact amount of the future surgery … and awards no amount for pain and

suffering where plaintiff/appellant's torn meniscus and back sprain "are the type of injuries which we have previously found to involve pain and suffering").

Moreover, we recognize that "the determination of what is a compensable injury is uniquely within the purview of the jury," as is the amount of damages that a jury will award, if any. *Majczyk v. Oesh,* 789 A.2d 717, 726 (Pa. Super. 2001) (internal citations omitted). Further, Appellants' argument requires an impermissible re-weighing of the testimony adduced at trial, which we cannot do. *Brown v. Progressive Insurance Co.*, 860 A.2d 493, 497 (Pa. Super. 2004) (internal citation omitted) ("Concerning questions of credibility and weight accorded evidence at trial, we will not substitute our judgment for that of the finder of fact.").

Accordingly, we affirm the trial court's order denying Appellants' motion for a new trial, and affirm the judgment entered by the trial court.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/20/2015

- 10 -