J-S48044-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DARLEA AND ILLENE FELDER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellants | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| SERGEY KUKUYEV | : | No. 920 EDA 2020 |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| KEITH G. CAPRIOTTI | : | |

Appeal from the Judgment Entered June 10, 2020
In the Court of Common Pleas of Bucks County Civil Division at No(s):
No. 2015-04334

BEFORE:  KUNSELMAN, J., KING, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:                Filed: December 30, 2020

Appellants Darlea and Illene Felder (the Felders) appeal from the judgment entered in the Court of Common Pleas of Bucks County in this torts case arising from a 2013 car accident.  The Felders argue that the trial court's jury instruction was defective and that the trial court should have awarded a new trial as to damages.  We affirm.

The trial court summarized the underlying facts as follows:

This case stems from an October 26, 2013 car accident. [The Felders] were driver and passenger in a vehicle that was stopped at a traffic light and struck in the rear by a vehicle driven by [Appellee Sergey Kukuyev (Kukuyev)].  Kukuyev brought a claim against [Appellee Keith Capriotti (Capriotti)], alleging that

Capriotti struck the rear of Kukuyev's vehicle, causing Kukuyev to strike [the Felders'] vehicle.

A two day jury trial was held on September 30, 2019 and October 1, 2019. The jury found that Kukuyev was negligent and his negligence was a factual harm to [the Felders]. The jury found [Capriotti] was also negligent, but found that his negligence was not a factual cause of harm to [the Felders]. Questions Six (6) and Seven (7) of the Verdict Sheet read as follows: "State the amount of damages, if any, sustained by [INSERT PLAINTIFF NAME] as a result of the accident for past, present and future pain and suffering, embarrassment and humiliation, loss of enjoyment of life." In response to both questions, the jury found that Zero Dollars and No Cents ($0.00) should be awarded as damages. [The Felders] filed a Post-Trial Motion seeking a new trial on the issue of damages, which was denied by this Court.

Trial Ct. Op., 6/23/20, at 1-2 (footnotes omitted).

The Felders raise the following points of alleged error on appeal:

I. Did the trial court abuse its discretion when it refused to read [the Felders'] proposed jury charge modeled on Standard Civil Jury Instruction 7.60 and which instructed the jury it was required to award [the Felders] damages if it found [Kukuyev] was negligent inasmuch as the trial court determined that [Kukuyev's] negligence was a factual cause of harm to [the Felders] and [the Felders' and Kukuyev's] medical experts agreed the accident caused some injury to [the Felders]?

II. Did the trial court abuse its discretion in denying [the Felders'] Motion for a new trial as to damages where the jury's verdict was against the clear weight of the evidence?

Felders' Brief at 4.

When reviewing a challenged jury instruction, we must examine the charge as a whole and not simply isolated portions, to determine whether the charge fairly conveyed the required legal principles at issue. *See Commonwealth v. Batty*, 169 A.3d 70, 78 (Pa. Super. 2017), *appeal denied*, 182 A.3d 434 (Pa. 2018). "A jury instruction will be upheld if it 'clearly,

adequately, and accurately reflects the law.'" **Commonwealth v. Smith**, 956 A.2d 1029, 1034–35 (Pa. Super. 2008) (*en banc*) (citation omitted). Our Supreme Court has directed that "[t]o determine whether a jury instruction faithfully characterized the statute upon which it is based, we first must determine the scope and meaning of the provision in question, thus furnishing a rubric for our inquiry. Statutory interpretation presents a question of law, which we resolve *de novo*." **Commonwealth v. Veon**, 150 A.3d 435, 444 (Pa. 2016) (citation omitted). We must deem a charge adequate unless "the issues are not made clear to the jury or the jury was palpably misled by what the trial judge said or unless there is an omission in the charge which amounts to fundamental error." **Stewart v. Motts**, 654 A.2d 535, 540 (Pa. 1995) (citation omitted).

The Felders argue that the trial court committed an abuse of discretion and error of law by refusing to give the requested charge, and assert that if the requested charge had been given, "the jury would have awarded [the Felders] damages as required under Pennsylvania law." Felders' Brief at 13.

Kukuyev argues that "it would have been misleading and confusing to the jury to give [the requested 7.60 charge] considering that negligence and factual cause were still questions that needed to be answered by the jury on the verdict sheet." Kukuyev's Brief at 6-7. Capriotti argues that the jury was properly instructed, and its verdict is lawful under **Majczyk v. Oesch**, 789 A.2d 717 (Pa. Super. 2001) (*en banc*), in which this Court approved a defense verdict in a car accident case where, as here, the defense expert conceded

that the accident caused some level of plaintiff injury. Capriotti's Brief at 9.

***See Majczyk***, 789 A.2d at 721 ("[T]he question before us is whether a jury

may find for the defendant despite his or her obvious negligence because it

does not believe that plaintiff's pain and suffering, if any, are compensable.

We conclude that such a determination is well within the province of the

jury.").

The trial court reports that it gave the following instruction:

"In order for the plaintiffs — and you consider them individually even though I'm going to be talking to the plural at the moment — to recover in this case, defendants' negligent conduct must have been a factual cause in bringing about harm. What do I mean by a factual cause? Conduct is a factual cause when the harm would not have occurred absent the conduct of the party, the defendant. There is no allegation that in any way either plaintiff contributed to this accident or negligent or careless; that is not for your consideration. The only parties that the allegations of negligence and violation of the statutes are against is [Kukuyev,] and he alleges that [Capriotti] also violated the Common Law and/or statutes. So, no consideration should be given to what the conduct of the plaintiffs were.

To be a factual cause, the conduct must have been a real actual factor in causing the harm. And in this case, it's the way the [cars] came in contact. Even if the result is unusual or unexpected, a factual cause cannot be imaginary or a fanciful factor, having no connection [to] the harm. To be a factual cause, [Kukuyev's] conduct need not be the only factor. The fact that some other concurring cause with defendant's negligence produces the injury does not relieve [Kukuyev] from liability so long as his own negligence is a factual cause in the injury."

Trial Ct. Op. at 4, *quoting* N.T., 10/1/19, at 69-70 (footnote omitted).

The gravamen of this dispute is whether a jury may find a defendant

negligent and determine that their negligence was a factual cause of harm to

a claimant, yet award no damages. The Felders argue that because Kukuyev was negligent and they suffered harm, the jury was required to award damages: "The jury was required to award [the Felders] damages if they found [Kukuyev] was negligent because the medical experts [ ] agreed that [the Felders] suffered some harm in the accident." Felders' Brief at 17. We disagree.

Where a defense expert concedes that the plaintiff suffered some harm as a result of the accident, if a jury finds negligence, then it must find the negligence was a factual cause of harm to the plaintiff. **See Andrews v. Jackson**, 800 A.2d 959, 965 (Pa. Super. 2002) (finding a new trial was warranted when the parties' experts agreed that a car accident caused the plaintiff to suffer some injury and jury found negligence, but no causation). However, a "jury may then deny damages on the basis that the injury was not serious enough to warrant compensation." **Id.** Once a jury finds causation, it is then free to determine the amount of damages, if any, a plaintiff suffered. A jury that finds causation is not required to award noneconomic damages in every case. **See Davis v. Mullen**, 773 A.2d 764, 769-70 (Pa. 2001). A jury is free to believe that the plaintiff did not suffer any pain and suffering or that a preexisting condition or injury was the sole cause of the alleged pain and suffering. A jury cannot disregard an obvious injury, but it is not obliged to find that every injury causes pain or the pain alleged.

In **Majczyk**, this Court held that "the determination of what is a compensable injury is uniquely within the purview of the jury." **Majczyk**, 789 A.2d at 726 (citation omitted). Some injuries are the sort of "transient rub of life for which compensation is not warranted." **Id.** It was within the jury's purview to determine that this was true here.[1] Because we can find no fault with the trial court's description of the law to the jury, this argument is unavailing.

The Felders also argue that the jury's verdict is against the greater weight of the evidence, and therefore the trial court erred in failing to grant a new trial on damages. Trial courts apply a two-step analysis to requests for a new trial. "First, the trial court must decide whether one or more mistakes occurred at trial. These mistakes might involve factual, legal, or discretionary matters. Second, if the trial court concludes that a mistake (or mistakes) occurred, it must determine whether the mistake was a sufficient basis for granting a new trial." **Harman ex rel. Harman v. Borah**, 756 A.2d 1116, 1122 (Pa. 2000) (citations omitted). Where, as here, the claim sounds in weight of the evidence, we review for an abuse of discretion. **See id.** at 1123. "An abuse of discretion exists when the trial court has rendered a judgment

_____

[1] Medical expert Dr. Richard J. Levenberg determined that Darlea Felder suffered a sprain and strain of the lumbar spine, which was resolved by the time he examined her. Levenberg Expert Report, D. Felder, at 3. Similarly, he determined that Illene Felder suffered a lumbosacral sprain and strain, which was resolved when he examined her. Levenberg Expert Report, I. Felder, at 3. It is within the jury's province to credit this opinion, and to determine that these types of injuries do not merit compensation under the circumstances presented by this case.

that is manifestly unreasonable, arbitrary, or capricious, has failed to apply the law, or was motivated by partiality, prejudice, bias, or ill will." *Id.* (citations omitted).

The Felders argue that under *Fillmore v. Hill*, 665 A.2d 514 (Pa. Super. 1995), *Burnhauser v. Bumberger*, 745 A.2d 1256 (Pa. Super. 2000), *Marsh v. Hanley*, 856 A.2d 138 (Pa. Super. 2004), and *Womack v. Crowley*, 877 A.2d 1279 (Pa. Super. 2005), the trial court erred in denying their request for a new trial on damages. Felders' Brief at 19-26.

Kukuyev points out that the jury heard evidence that Darlea Felder had been involved in another car accident four months prior to the one at issue here, and that the prior accident had caused lower back and leg injuries for which she was still being treated at the time this accident occurred. Kukuyev's Brief at 11. The jury also heard that Illene Felder had been in two subsequent accidents that caused lower back injury: a slip and fall and an injury on public transit. *Id.* at 12.

The trial court asserts that its sense of justice was not shocked by the verdict, and that the evidence could support a jury finding that there were no non-economic damages suffered by the Felders (who did not seek economic damages). Trial Ct. Op. at 8.

We conclude that the cases cited by the Felders are distinguishable and that this case is more like *Majczyk*. *Fillmore* involved a plaintiff whose medical expert testimony supported his claim of permanent disability and resultant loss of income, along with "significant pain and suffering in the

future." *Fillmore*, 665 A.2d at 515. In *Burnhauser*, the plaintiff had been in a head-on collision and had ongoing pain, and this Court approved a trial court's grant of a new trial on damages. *Burnhauser*, 745 A.2d at 1258, 1261. In *Marsh*, the Court applied *Burnhauser* and *Majczyk* as follows: "Like in *Burnhauser*, the instant case involved more than a minor rear end collision. . . . Unlike the plaintiff in *Majczyk*, appellant here suffered compensable injury, and we hold *Burnhauser* controls." *Marsh*, 856 A.2d at at 140. *Womack*, like *Burnhauser*, involved review of a trial court's grant of a new trial on damages. In that case, the plaintiff had uncontradicted evidence establishing that she had a torn meniscus and would need surgery. *Womack*, 877 A.2d at 1280, 1284.

The Felders have not established that this case involved "more than a minor rear end collision", *Marsh*, 856 A.2d at 140, and have not adequately distinguished *Majczyk*. Therefore we cannot conclude that the trial court abused its discretion in denying the Felders' motion requesting a new trial as to damages.

Judgment affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/30/20