**Louise M. BURNHAUSER and William Burnhauser, Appellees,**

v.

**Dennis G. BUMBERGER, Jr., Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 29, 1999.

Filed Jan. 28, 2000.

Bonnie D. Stein, Morrisville, for appellant.

Carole J. Wildoner-Walbert, Jim Thorpe, for appellee.

Before POPOVICH, JOYCE and TAMILIA, JJ.

POPOVICH, J.:

¶ 1 This is an appeal from the order of the Court of Common Pleas of Carbon County, Pennsylvania, granting a new trial on the issue of damages where the jury's damages award equaled the amount of the unreimbursed medical expenses for Appellee Louise Burnhauser's injuries. We affirm.

¶ 2 The facts are as follows:

¶ 3 On the night of Saturday, July 23, 1994, Appellant Dennis G. Bumberger was driving on Route 209 in Packerton, Carbon

County, when his vehicle crossed the centerline and impacted an on-coming vehicle that was driven by Ms. Burnhauser. After the accident, Ms. Burnhauser was taken by ambulance to Lehighton Hospital's emergency room. She complained of pain involving her back, chest, shoulders, neck, arms, and legs. She was treated and released shortly thereafter. N.T., 3/4/98, at 57–63, 91, 147, 152.

¶ 4 Six days later, on July 29, 1994, Ms. Burnhauser still experienced pain, so she consulted an orthopedic specialist, David Yanoff, M.D. Dr. Yanoff's stated in his initial diagnosis that Ms. Burnhauser had suffered a soft tissue injury to her cervical and lumbar spine resulting from the accident. Dep., D. Yanoff, 2/27/98, at 10–15. Ultimately, Dr. Yanoff determined that she had developed chronic myofascial syndrome, including chronic pain, muscle spasm, and a limited range of motion. *Id.* at 66. Dr. Yanoff treated Ms. Burnhauser on a monthly basis for the injuries associated with the accident from July 1994 to December 1994. The treatment consisted of physical therapy and medications. Thereafter, her visits for treatment became periodic until ceasing in August 1995. N.T., 3/4/98, at 153–155. At trial, Ms. Burnhauser testified to continuous pain in her arms, shoulders, neck, chest, and back since the accident, which in turn has limited her work and personal activities. *Id.* at 94–113, 155.

¶ 5 On the issue of damages, Appellees' and Appellant's experts agreed that Ms. Burnhauser sustained injuries as a result of the accident. However, they disagreed about the nature and the extent of the injuries. Appellant's expert, a neurologist, Stephen Gollomp, M.D., conceded that Ms. Burnhauser suffered soft tissue injuries to the musculature and ligaments of the spine. However, Dr. Gollomp believed that these injuries should have resolved within six months of the accident. Dep., S. Gollomp, 3/2/98, at 24–26.

¶ 6 As reflected in the jury interrogatories, the jury found Appellant negligently operated his vehicle, and Ms. Burnhauser suffered injuries as a result of his negligent operation. Nonetheless, the jury limited her recovery to an amount equal to her unreimbursed medical expenses, specifically $1,257.24. N.T., 3/4/98, at 196. Additionally, the jury rejected Appellee William Burnhauser's loss of consortium claim. Prior to the jury's dismissal, Appellees' counsel did not object to the verdict, nor to the jury interrogatories, which failed to provide for an itemization of the damages awarded. The interrogatories only provided one line per Appellee that indicated the sum of all damages. Also, the jury was not polled prior to their dismissal.

¶ 7 Appellees timely filed a post-trial motion on the basis that the verdict was against the weight of the evidence. On January 18, 1999, the lower court granted Appellees' motion for a new trial on the issue of damages. Appellant timely appealed the lower court's order.

¶ 8 Appellant presents the following issues on appeal:

1. Whether Appellees waived the right to post-verdict relief from a verdict they perceived to be inadequate where they failed to object to the poor wording of the special interrogatories submitted to the jury, failed to poll the jury after the reading of the verdict, and failed to object to the verdict itself to correct any problems that may have existed.

2. Whether the trial court erred in granting a new trial on damages where the verdict was not shocking to the conscience and the damages found by the jury bore a reasonable relationship to the evidence adduced at trial.

Appellant's Brief, at 4.

■ ¶ 9 In the first issue, Appellant contends that Appellees waived their rights to post verdict or appellate relief from a jury's verdict award perceived to be inadequate or inconsistent by failing to object at the time of trial.

¶ 10 In order to preserve an issue for post verdict relief and subsequent appellate review, a party is required to make a timely and specific objection before the trial court at the appropriate stage of the proceedings. Pa.R.Civ.P. 227.1(b); *see also Boyle v. Steiman*, 429 Pa.Super. 1, 631 A.2d 1025, 1030 (1993), appeal denied, 538 Pa. 663, 649 A.2d 666 (1994). Failure to timely object to a basic and fundamental error will result in waiver of that issue. Pa.R.Civ.P. 227.1(b) notes; *see also Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 258, 322 A.2d 114, 116 (1974). The rationale underlying the waiver rule is that when an error is presented to the trial court, the court can correct the error quickly and easily, thus preventing the need for a new trial. *Dilliplaine*, at 258, 322 A.2d at 116. Foremost, we, as an appellate court, should not be asked to correct a problem that the trial court could have easily corrected if it had been afforded the opportunity to avoid the necessity of granting a new trial. *Fillmore v. Hill*, 445 Pa.Super. 324, 665 A.2d 514, 516 (1995)(citing *Dilliplaine*, at 259, 322 A.2d at 117).

¶ 11 Appellant asserts that the present case is analogous to *Picca v. Kriner*, 435 Pa.Super. 297, 645 A.2d 868 (1994), appeal denied 539 Pa. 653, 651 A.2d 540 (1994). In *Picca*, we held that a plaintiff who failed to object to the jury's verdict before the jury's dismissal was barred from requesting a new trial. *Picca* involved a motor vehicle accident where the defendant admitted fault in causing the accident but contested the extent of the plaintiff's injuries.[1] At the conclusion of the trial, the jury was directed to enter its verdict via special interrogatories. The first interrogatory related to a finding of negligence. The jury was instructed to find in favor of the plaintiff because the defendant had admitted fault. The second interrogatory related to a finding of causation. The jury was asked whether the defendant's negligence was a substantial factor in bringing

about plaintiff's injuries. The jury answered in favor of the defendant. The plaintiff failed to object to the jury's verdict. The plaintiff filed a post-trial motion for judgment notwithstanding the verdict or a new trial. The trial court granted the latter finding that a verdict which found the defendant to have caused no injury to be incredible. The defendant appealed and claimed that the plaintiff waived her right to ask for a new trial by failing to object to the problems with the verdict before the jury was dismissed. We agreed with the defendant and reversed the trial court.

¶ 12 However, we find that the present case is distinguishable from *Picca*. In that case, the verdict was inconsistent. The jury found that the defendant's negligence was not a substantial factor in bringing about the plaintiff's harm even though the defendant admitted that he had caused a portion of the plaintiff's injuries. Stated differently, the jury could have found that the defendant caused no injury or that the injury was not "substantial," which resulted in an ambiguous verdict. However, in either event, the jury's finding was inconsistent with the defendant's admission of causing some injury, and the plaintiff deserved a monetary award, even if it was for an insubstantial amount of money. The plaintiff could have objected to the ambiguous jury verdict, then the trial court could have given the jury correcting instruction. Since the plaintiff failed to object, the right to do so was waived.

¶ 13 Here, however, Appellee had no reason to object to the verdict before the jury was dismissed. Appellees' objection would not have eliminated the need for a new trial.

¶ 14 We find that the present case is similar to *Fillmore v. Hill, supra*. In *Fillmore*, the plaintiff was injured in an automobile accident. The jury found that the defendant was negligent, and his negligence was a substantial factor in bringing

---

1. Defendant conceded that Picca suffered some injury as a result of the accident but asserted that most of Picca's problems were pre-existing.

about the plaintiff's harm. However, the jury also found that the plaintiff was contributorily negligent, and his contributory negligence was a substantial factor in bringing about his harm. The jury then attributed fifty percent of the causal negligence to each party, thus the plaintiff's total compensable damages sustained was zero. The plaintiff failed to object to the jury's verdict but filed post-trial motions. The defendant, relying on *Picca*, contended that the plaintiff waived his right to object to the jury's verdict by failing to object before the jury was dismissed. We held that the trial judge did not have the option of sending the jury back to deliberate because there was no ambiguity or evidence of misunderstanding that resulted in an inconsistent jury's verdict. We noted that the waiver rule "is more prudently restricted to verdicts of *obvious inconsistency* and *clear, uncertain irrationality*." *Fillmore*, 665 A.2d at 519 (citing *Henery v. Shadle*, 443 Pa.Super. 331, 661 A.2d 439, 441 (1995)).

■ ¶ 15 In the present case, like in *Fillmore*, the jury found that Appellant was negligent, and his negligence was a substantial factor in bringing about Ms. Burnhauser's injuries. The jury awarded Ms. Burnhauser damages in the amount of $1,257.24 and Mr. Burnhauser zero damages. Appellant contends that the award is ambiguous because the jury's award did not differentiate among Ms. Burnhauser's claims for lost earnings, unreimbursed medical expenses, pain and suffering and loss of life's pleasures. Therefore, Appellant, relying on *Picca*, contends that Appellees waived their right to object. The trial court rejected Appellant's contention and concluded that the jury's verdict was not inconsistent or ambiguous. We agree. The trial court recognized that the jury's award equaled to the penny Ms. Burnhau-

ser's amount for unreimbursed medical expenses and stated "the jury obviously awarded only reimbursement for the medical bills."[2] Trial Court Opinion, 3/1/99, at 4. Therefore, because there was no ambiguity or evidence of misunderstanding, the trial court concluded that the waiver rule was not applicable. *Id.* at 4–5. Once again, we agree. Objecting to the jury's verdict would not have eliminated the possibility of a new trial. A trial judge is not at liberty to suggest to the jury that the weight of the evidence did not support its damage award. *Fillmore*, 665 A.2d at 519. Therefore, the trial court could not have given the jury any corrective instruction and return them to deliberations.

¶ 16 The jury, through its verdict, spoke and awarded Appellees only damages for medical expenses. Appellees timely preserved the issue of damages through post-trial motions. Therefore, we hold that the waiver rule is not applicable in the present case.[3]

■ ¶ 17 In the second issue, Appellant contends that the trial court erred in granting a new trial where the verdict was not "shocking to the conscience," and the damages awarded bore a reasonable relationship to the evidence adduced at trial.

■ ¶ 18 Our standard of review for reviewing a trial court's decision to grant a new trial is limited to those reasons upon which the trial court relied. *Picca*, 645 A.2d at 869. We consider whether any of the trial court's reasons for granting a new trial have merit; if so, we defer to the trial court's decision. Because the trial court is uniquely qualified to evaluate factual matters, we will not disturb its decision absent an abuse of discretion or error of law. *Id.* at 869. A trial court may only grant a new trial when the jury's verdict is so contrary

---

2. While we do not know the jury's exact rationale for determining it's damages award, we note that it would be absurd to presume that it was a mere coincidence that the jury's award equaled Ms. Burnhauser's unreimbursed medical expenses.

3. Additionally, we note that the present case can be further distinguished from *Picca* because in the present case, the problem existed as to the *amount of damages* the jury awarded, and in *Picca*, the problem existed as to *apportionment of liability*. *See Fillmore*, 665 A.2d at 519 note 2.

to the evidence that it "shocks one's the sense of justice." *Neison v. Hines*, 539 Pa. 516, 520, 653 A.2d 634, 636 (1995) (citations omitted). A jury verdict is set aside as inadequate where it clearly appears from uncontradicted evidence that the amount of the verdict bears no reasonable relation to the loss suffered by the plaintiff. *Kiser v. Schulte*, 538 Pa. 219, 648 A.2d 1, 4 (1994).

¶ 19 Our Supreme Court has held that jury verdicts awarding zero damages are against the weight of the evidence where undisputed medical evidence reveals that the plaintiff has suffered injuries in the accident that were of a type normally associated with pain and suffering. *Neison*, at 527, 653 A.2d at 640. *See also Fillmore*, 665 A.2d at 519.

¶ 20 In the present case, both Appellees' and Appellant's experts agreed that Ms. Burnhauser had suffered soft tissue injuries. According to Appellant's expert, these injuries would require up to six months to resolve. Based upon these findings, the jury was required at least to compensate Ms. Burnhauser for all damages related to her injuries that resulted from Appellant's negligence during that six-month period. The jury should not have limited the damage award to her unreimbursed medical expenses. Clearly, these injuries are of the types that normally involve pain and suffering. The jury's verdict award neglected pain and suffering. The trial court found that the award of no damages for pain and suffering to Ms. Burnhauser was contrary to the evidence. We agree. Because it is clear that the jury's award bears no reasonable relation to the injuries suffered by Ms. Burnhauser, the trial court did not abuse its discretion or commit an error of law in granting a new trial as to the issue of damages.

¶ 21 Based upon the foregoing analysis, we conclude that the waiver rule is not applicable in the present case. Additionally, because the jury's verdict as to damages was against the weight of the evidence, we affirm the lower court's order granting a new trial on the issue of damages.

¶ 22 Order affirmed.