J-A23017-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| KERIM AMADOU, AN INDIVIDUAL, SHAMAEL RAHAMANI, A MINOR INDIVIDUAL AND SHAKIB RAHAMANI, A MINOR INDIVIDUAL | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : | |
| v. | : : : | |
| RONALD SARVER, | : : | |
| Appellee | : | No. 1683 WDA 2015 |

Appeal from the Judgment Entered September 25, 2015
in the Court of Common Pleas of Allegheny County
Civil Division at No(s): GD 12-11773

BEFORE:    LAZARUS, STABILE, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:               **FILED MARCH 07, 2017**

Kerim Amadou, Shamael Rahamani, and Shakib Rahamani (Appellants, collectively) appeal from the September 25, 2015 judgment entered following a jury trial in this motor vehicle collision case.  We affirm in part, vacate in part, and remand for further proceedings consistent with this memorandum.

Appellee Ronald Sarver's truck rear-ended Amadou's vehicle when Amadou was stopped in traffic in Pittsburgh's West End Circle with Shamael and Shakib, the minor children of his fiancée Fati Rahamani, in the back seat.  Sarver admitted liability but contested damages.  A jury determined that Sarver: (1) caused Shakib no injury, (2) caused injury without damages

_____
*Retired Senior Judge assigned to the Superior Court.

to Shamael, and (3) caused injury to Amadou in the amount of $1,400.

Appellants' timely-filed post-trial motion was denied. This Court quashed an interlocutory appeal filed before judgment was entered on the verdict. After judgment was entered, Appellants timely filed another notice of appeal.

Appellants present this Court with two questions for review, which we have reordered for ease of disposition:

> [1.] Should a new trial be granted because the trial court refused to instruct the jury that evidence regarding a lack of seatbelt use cannot be used as a basis in refusing to provide damages for injuries caused by another's negligence?
>
> [2.] Should a new trial be ordered on the ground that the jury's verdict is inadequate when the jury awarded economic damages for wages that were lost as a result of pain yet failed to award non-economic damages for pain and suffering?

Appellants' Brief at 6 (trial court answers omitted).

We begin with our standard of review.

> [I]t is well-established law that, absent a clear abuse of discretion by the trial court, appellate courts must not interfere with the trial court's authority to grant or deny a new trial.
>
> * * *
>
> Thus, when analyzing a decision by a trial court to grant or deny a new trial, the proper standard of review, ultimately, is whether the trial court abused its discretion.

Moreover, our review must be tailored to a well-settled, two-part analysis:

> We must review the court's alleged mistake and determine whether the court erred and, if so,

- 2 -

> whether the error resulted in prejudice necessitating a new trial. If the alleged mistake concerned an error of law, we will scrutinize for legal error. Once we determine whether an error occurred, we must then determine whether the trial court abused its discretion in ruling on the request for a new trial.

**Gurley v. Janssen Pharm., Inc.**, 113 A.3d 283, 288-89 (Pa. Super. 2015) (citation omitted).

Appellants first claim that they are entitled to a new trial because the trial court refused to provide a curative instruction regarding evidence they claim was admitted in violation of 75 Pa.C.S. § 4581. Appellant's Brief at 31. That statute, which *inter alia* requires the use of child passenger restraint systems in vehicles, states in pertinent part the following:

> **(e) Civil actions.--**In no event shall a violation or alleged violation of this subchapter be used as evidence in a trial of any civil action; nor shall any jury in a civil action be instructed that any conduct did constitute or could be interpreted by them to constitute a violation of this subchapter; nor shall failure to use a child passenger restraint system, child booster seat or safety seat belt system be considered as contributory negligence nor shall failure to use such a system be admissible as evidence in the trial of any civil action….

75 Pa.C.S. § 4581(e).

This Court has held that the subsection (e) of the statute "clearly and unambiguously expresses the intent of the Legislature that evidence of non-use of seat belts should be strictly prohibited in civil actions tried in Pennsylvania courts, for any purpose." **Gaudio v. Ford Motor Co.**, 976 A.2d 524, 536 (Pa. Super. 2009) (holding, in case against vehicle

manufacturer for defective air bag, that the trial court erred in denying a motion *in limine* to exclude evidence that the decedent was not wearing his seat belt at the time his air bags deployed).

The trial court addressed Appellants' argument as follows:

> In the case at hand, defense counsel read an excerpt from a medical report that indicated that Shamael had been "sitting in back seat/car seat without seat belt fastened tightly." (N.T., 162). [Appellants] interposed no immediate objection to the excerpt read from the physician's report. Following conclusion of all testimony and immediately before the jury was charged, however, [Appellants] requested a curative instruction. The court refused to provide such an instruction. The matter could have promptly and less conspicuously been addressed with a timely hearsay objection or sidebar reference to the pertinent statute. [Appellants'] belated[] request for a curative instruction[] invited an underscoring of what had been an incidental mention adequately rebutted by Ms. Rahamani's insistence that "we always put her in the car seat" and "he [Mr. Amadou] always put her tightly [in the car seat]." (N.T., 162 - 163).
>
> Further, [Appellants'] assignment of error presumes the legitimacy of [their] contention that [Sarver's] allusion to a possibly unsecured restraint was improper. On the contrary, [] Amadou had made repetitive reference to having secured the children in their restraints; had suggested that the use of restraints may have contributed to his own injuries; and had stated that Shamael's injuries, specifically, may have resulted from the proximity of her secured car seat to the rear of [Amadou's] driver seat (N.T. 21, 50, 51-52, 53). That testimony, offered to explain the injuries that [Appellants] attributed to [Sarver's] negligence, placed [Appellants] at risk of impeachment.
>
> While, of course, [Appellants] might contend a curative instruction should have been given even in view of the appropriateness of [Sarver's] effort at impeachment, there is little indication of actual harm to [Appellants]. As to Shamael, proof of any harm related to the accident was tenuous.

- 4 -

Trial Court Opinion, 7/17/2014, at 8-9.

We are convinced neither that the trial court erred in declining the instruction nor that Appellants were prejudiced by its absence. First, Appellants have failed to establish the complained-of reference alleges a violation of section 4581 that is prohibited by subsection (e). As quoted above, the statute has been construed to prohibit evidence of **non-use** of restraint systems. *Gaudio*, 976 A.2d at 536. Here, the jury heard that Shamael was not **tightly** fastened into her car seat, not that there was any failure to use a car seat. Furthermore, it would be fundamentally unfair to allow Appellants to use the statute as both a sword and a shield, offering evidence that there were injuries in spite of, or even because of, the use of restraint systems, yet invoking the statute to preclude evidence that the testimony the jury heard about such use was incomplete or false. *Accord Commonwealth v. Spiewak*, 617 A.2d 696, 702 (Pa. 1992) ("The [rape shield] statute cannot be both shield and sword. Here a statute is so designed to protect the witness's interest in preventing prejudicial disclosure of the witness's past behavior. It cannot at the same time preclude a defendant from offering evidence which is so highly probative of the witness's credibility that such evidence is necessary to allow/permit a jury to make a fair determination of the defendant's guilt or innocence.").

Even if the trial court did err in refusing the instruction, Appellants failed to show any prejudice. They baldly assert that, because Shamael was awarded no damages, "[i]t is clear that the trial court's refusal to provide this instruction operated to Appellants' prejudice." Appellants' Brief at 31-32. They offer no citation to evidence that counters the trial court's representation that proof that Shamael suffered any harm caused by the accident was "tenuous." Trial Court Opinion, 7/17/2014, at 9. Indeed, it appears to us more likely that potential prejudice was avoided, rather than created, by the trial court's declining to reference the irrelevant issue of restraints in its charge to the jury. Without a showing of prejudice, Appellants are not entitled to relief. **Maya v. Johnson & Johnson**, 97 A.3d 1203, 1218-19 (Pa. Super. 2014) ("A reviewing court will not grant a new trial on the ground of inadequacy of the charge unless there is a prejudicial omission of something basic or fundamental.").

Because Appellants have not demonstrated either an error of law or abuse of discretion in the refusal to charge the jury pursuant to 75 Pa.C.S. § 4581(e), we decline to reverse on that basis the trial court's denial of their motion for a new trial.

However, we reach a different conclusion as to Appellants' claim that the award of only lost wages to Amadou was against the weight of the evidence. This Court's decision in **Marsh v. Hanley**, 856 A.2d 138, 139 (Pa. Super. 2004), warrants Amadou a new damages trial.

- 6 -

The instant case is factually similar to **Marsh**. In that case, Hanley's vehicle collided with Marsh's, Hanley admitted liability, and the jury awarded Marsh $2,900 in damages. Marsh appealed after the trial court denied her a new trial on damages.

> In her appeal, [Marsh] argue[d] that the trial court erred when it denied her motion for a new trial. She claim[ed] that the jury's award apparently compensated her for lost wages only, and that the jury improperly awarded zero damages for pain and suffering. The jury's verdict slip did not identify the specific nature of the award. However, the precise amount of lost wages was $2909.88, and in closing argument, [Marsh's] counsel rounded the request for lost wages to $2900.00. It seems clear that the jury's award was for lost wages only, and that they awarded zero dollars for pain and suffering.

**Id.** at 139. In reviewing the claim, this Court offered the following analysis of the pertinent authority.

> In **Majczyk v. Oesch**, 789 A.2d 717 (Pa. Super. 2001), an *en banc* panel of this Court upheld a jury award of zero dollars for pain and suffering. The court acknowledged that not all injuries are serious enough to merit compensation. The Court held that under the facts of that case it was not reversible error to award zero damages for pain and suffering. The plaintiff in **Majczyk** claimed she suffered a herniated disc in a minor accident, causing ongoing pain and suffering, and requiring surgery. Though both sides' experts conceded that plaintiff suffered some injury in the accident, the jury found in favor of the defendant, whose expert opined the herniated disc was not caused by the accident, and that plaintiff's accident-related injuries were actually less severe, a mere "cervical strain."
>
> The **Majczyk** Court specifically held that the jury may find for the defendant despite his obvious negligence when it does not believe the plaintiff's pain and suffering, or that her injury is the sort that is compensable. The Court quoted … the proposition that some injuries are the sort of "transient rub of life for which compensation is not warranted." The Court further

held that "the determination of what is a compensable injury is uniquely within the purview of the jury." The Court confirmed that credibility determinations lie within the province of the fact finder, and a jury is always free to believe all, part, some or none of the evidence presented. The Court concluded that, based on this record, the jury properly found that plaintiff's accident-related injuries were minor, causing only a few days or weeks of discomfort, and not the sort that require compensation. *See also*, *Davis v. Mullen,* [] 773 A.2d 764 ([Pa.] 2001) (jury may decide that no pain and suffering damages are due, even where medical expenses are awarded).

However, the instant case is different from *Majczyk* where the injury was not significant, and where the accident involved a minor rear end collision. This case is controlled by *Burnhauser v. Bumberger,* 745 A.2d 1256 (Pa. Super. 2000). In *Burnhauser,* as here, the jury's minimal damages award matched exactly the amount of plaintiff's unreimbursed medical expenses ($1257.24). The Court concluded that the jury therefore awarded zero dollars for pain and suffering, and this award bore no reasonable relationship to the loss suffered in a head-on collision, soft tissue injuries with pain that lasted for 6 months. Essentially, the Court held as a matter of law that this was a *compensable* injury, the jury's verdict of zero damages for pain and suffering was contrary to the evidence, and affirmed the trial court's grant of a new trial. Like in *Burnhauser,* the instant case involved more than a minor rear end collision. Appellant's car was struck twice on the driver's side. An ambulance transported appellant to the hospital; she suffered injuries which required her to take medications; her symptoms did not ameliorate for almost six months; and she lost considerable time from work. Unlike the plaintiff in *Majczyk,* appellant here suffered compensable injury, and we hold *Burnhauser* controls. We therefore reverse the trial court's order denying a new trial on damages.

*Marsh*, 856 A.2d at 139-40 (footnote and some citations omitted; some capitalization added).

Applying this law to the case at hand, we first note that because the jury concluded that Sarver's negligence caused injury to Amadou and

awarded him damages, there is no question that the jury determined that Amadou did suffer a compensable injury. Accordingly, the trial court's reliance upon cases such as **Majczyk**, in which the jury found that the plaintiff suffered **no** compensable injury, is misplaced.

Similarly, the **Davis** case cited in **Marsh** and relied upon by Sarver in his brief,[1] is materially distinguishable. In **Davis**, the jury awarded medical expenses and property damages, but none for pain and suffering. Because the evidence was such that the jury could have concluded either that Davis suffered no pain or that the pain was not related to the accident, our Supreme Court held that the trial court properly exercised its discretion in denying Davis's motion for a new trial. **Davis**, 773 A.2d at 766-67.

The **Davis** result is logical: the facts that the vehicle was damaged and the driver, who missed no work, eventually went to a medical provider do not necessarily mean that the driver experienced any lasting discomfort as a result of the collision. Pain and suffering do not necessarily follow property damage and medical expenses.

That is not true for the economic damages awarded in the instant case. The only evidence the jury heard about the cause of Amadou's lost wages was his testimony that he was unable to go to work was because he was experiencing pain, and that the pain medication made him too dizzy to drive. N.T., 1/10/2014, at 58-63. Amadou's economic loss was not

---

[1] **See** Sarver's Brief at 39-40, 54-55.

separable from his pain; it was the result of his pain. Therefore, in choosing to award Appellant lost wages, the jury necessarily had to believe that Amadou experienced pain and suffering as a result of Sarver's negligence. Yet it gave him no award for that pain. Under **Marsh**, such a verdict is against the weight of the evidence and warrants a new trial on damages. Accordingly, we vacate the judgment as to Amadou, and remand for a new trial to determine the amount of damages he suffered as a result of Sarver's negligence.

Judgment affirmed in part[2] and vacated in part. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judge Lazarus joins.

Judge Stabile files a concurring and dissenting memorandum.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date:  3/7/2017

---

[2] The record does not indicate that the jury necessarily found that Shamael and Shakib suffered compensable injury. Accordingly, the new trial shall be limited to determining the amount of damages suffered by Amadou. We do not disturb the judgment as to Shamael and Shakib.