**[J-27-2020] [MO: Todd, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| STEVEN MADER, | : | No. 33 WAP 2019 |
| | : | |
| Appellant | : | Appeal from the Order of the |
| | : | Superior Court entered November |
| | : | 30, 2018 at No. 609 WDA 2018, |
| v. | : | affirming in part and reversing in part |
| | : | the Order of the Court of Common |
| | : | Pleas of Allegheny County entered |
| DUQUESNE LIGHT COMPANY, | : | April 17, 2018 at No. GD 13-6249 |
| | : | and remanding. |
| Appellee | : | |
| | : | SUBMITTED:  April 21, 2020 |

**DISSENTING OPINION**

**JUSTICE MUNDY**                                      **DECIDED:  NOVEMBER 18, 2020**

The majority affirms the Superior Court's remand for a new trial on noneconomic damages and past and future lost earning capacity, but not on past and future medical damages.  Because I do not agree the trial court abused its discretion in awarding a new trial on all damages, I dissent.

As noted by the majority, in addressing the appropriate standard and scope of review, "it is a fundamental precept that a decision to order a new trial lies within the discretion of the trial court[,]" and "the proper standard of appellate review is determining whether the trial court abused its discretion."  Majority Op. at 7 (citing *Morrison v. Commonwealth, Department of Public Welfare*, 646 A.2d 565, 570 (Pa. 1994); *Coker v. S.M. Flickinger Co., Inc.*, 625 A.2d 1181, 1184 (Pa. 1993)).  Furthermore, "[a]n abuse of discretion exists when the trial court has rendered a judgment that is manifestly unreasonable, arbitrary, or capricious, has failed to apply the law, or was moved by

partiality, prejudice, bias, or ill will." *Id.* at 8 (citing *Coker*, 625 A.2d at 1184-1185). "'Where the record adequately supports the trial court's reasons and factual basis, the court did not abuse its discretion.'" *Id.* (quoting *Morrison*, 646 A.2d at 571). The majority additionally explains that "the grant of a new trial may be required to achieve justice in those instances where the original trial . . . produces something other than a just and fair result." *Id.* at 17 (citing *Dornan v. McCarthy*, 195 A.2d 520, 522 (Pa. 1963)). A jury's verdict can be set aside "'where it clearly appears from the uncontradicted evidence that the amount of the verdict bears no reasonable relation to the loss suffered by the plaintiff[,]'" and a new trial should be awarded where the verdict is "'so contrary to the evidence as to 'shock one's sense of justice[.]'" *Id.* (citing *Kiser v. Schulte*, 648 A.2d 1, 4 (Pa. 1994)). Where "'the injustice of the verdict 'stand[s] forth like a beacon,' a court should not hesitate to find it inadequate and order a new trial.'" *Id.* (citing *Kiser*, 648 A.2d at 4).

Instantly, the jury heard the uncontradicted evidence that Mader's feet were so severely burned by electricity that his injuries required several invasive surgeries and the eventual amputation of half of each extremity. Nevertheless, the jury did not award Mader any damages for the pain and suffering that resulted from his electrocution, nor did they award any pain and suffering related to the past and future surgeries necessary to treat his horrific injuries. The trial court, well within the boundaries of its discretion, correctly recognized this was an error and ordered a new trial on all damages. The majority, in determining this decision of the trial court was an abuse of discretion, articulated a new standard of review, to wit: "we hold that, when faced with the question of the full or partial granting of a new trial on damages, a trial court should discern whether the properly awarded damages in the first trial were 'fairly determined[,]' and, if so, whether they are

sufficiently independent from, and are not 'intertwined' with, the erroneously determined damages." Majority Op. 20-21.

I disagree with the creation of a new standard which unfairly limits the discretion of the trial court to considering the factors outlined above.[1] From a commonsense approach, all damages suffered by Mader as a result of this accident are related. When a victim, such as Mader, is catastrophically injured, endures pain and suffering, cannot work, and requires medical treatment, the damages will necessarily be "intertwined" and it is not possible to excise "fairly determined" damages without consideration of all damages. Unlike the majority, I do not believe the trial court abused its discretion when it concluded there can be no confidence the jury rationally determined damages for future medical expenses given its irrational determination of damages overall. The fact that the jury's award approximated the amount advocated by Duquesne's expert, does not render the trial court's assessment unsupported by the record.

Regarding the medical expenses,[2] the majority recognizes "the jury in the new trial may be entitled to hear evidence about Mader's past and potential future treatment, but only as it relates to his pain and suffering." Majority Op. 27. This half-hearted concession to the intertwined nature of the categories of damages belies the efficacy of the new

---

[1] I further question the Majority's reliance on *McNeil v. Owens-Corning Fiberglass Corp.*, 680 A.3d 1145 (Pa. 1996), for this novel standard, since that case involved the doctrine of *res judicata* on different causes of action regarding non-cancer and cancer-related injuries from asbestos exposure. Finding the cancer-related injury claim was fully litigated, our Court determined the new trial should be limited to non-cancer claims, and not both claims as ordered by the Superior Court. *See McNeil*, 680 A.3d at 1148. Here, however, the issue does not involve *res judicata* or a remand based on different causes of action.

[2] I recognize that the stipulated award of past medical expenses was a fixed number borne out by the medical bills relating to Mader's treatment for injuries that existed up until a particular time. This amount may or may not change during the pendency of the new trial, and/or the parties may again stipulate to a specific sum.

standard adopted by the majority today. In my view, the physical pain and mental anguish Mader endured, not only from the injuries themselves, but also from the consequent medical treatments he had to endure, is sufficiently intertwined with the evidence of the medical procedures and their costs. Consider the pain and suffering in the context of an injury where the future medical treatment is the cost of a Band-Aid and antibiotic ointment versus the pain and suffering attendant to an injury where the medical treatment is the partial amputation and skin grafting of both feet. In determining an award of pain and suffering attendant to future medical treatment and procedures, the jury is entitled to know if that involves a $5.00 procedure or a $50,000 procedure. As aptly stated by the Superior Court in *Hobbs v. Ryce*, 769 A.2d 469, 476 (Pa. Super. 2000), "as [Plaintiff's] medical treatment and expenses will necessarily be at issue in the determination of the severity of [Plaintiff's] injuries, and any pain and suffering, we must vacate the molded verdict for medical expenses and remand for a new trial on this claim [along with the claim for pain and suffering]." *Id.* at 476. I believe the trial court's decision to allow the jury to consider damages for pain and suffering together with the medical expenses that resulted from the medical procedures which necessarily caused Mader's physical and mental suffering is clearly within the discretion of the trial court.

For the above reasons, I find no abuse of discretion in awarding a new trial on all damages, including past and future medical expenses, and would affirm the order of the trial court. Accordingly, I respectfully dissent.