J-A20032-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| JAMES GANLEY AND KAREN GANLEY, HIS WIFE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| | No. 1785 WDA 2019 |
| PATRICK ROBERTSON AND CYNTHIA ROBERTSON, HIS WIFE | |

Appeal from the Judgment Entered January 30, 2020
in the Court of Common Pleas of Fayette County
Civil Division at No(s): 1123 of 2017, G.D.

BEFORE: BOWES, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: FILED NOVEMBER 30, 2020

James Ganley and Karen Ganley ("the Ganleys") appeal from the Judgment entered against them, and in favor of Patrick Robertson and Cynthia Robertson ("the Robertsons"), in this ejectment action. We affirm.

On May 25, 2017, the Ganleys filed a Complaint in Ejectment, wherein they alleged that the Robertsons, who owned property adjacent to the Ganleys' property, had attempted to exercise control over approximately one-quarter acre of the Ganleys' property (the "disputed property"), and requested ejectment of the Robertsons from the disputed property. On July 25, 2017, the Robertsons filed an Answer and Counterclaim, wherein they alleged that they were the owners of the disputed property, and requested

the ejectment of the Ganleys from the disputed property.[1]  The Ganleys did not file an answer to the counterclaim.

On November 15, 2016, the trial court held a non-jury trial (the "first trial").  Both parties presented expert testimony from surveyors.  Russ Mechling ("Mechling") testified for the Ganleys, and Miles H. Davin ("Davin") testified for the Robertsons.  On March 8, 2018, the trial court issued an Opinion and Order, wherein it found in favor of the Ganleys, and ejected the Robertsons from the disputed property.

On March 13, 2018, the Robertsons filed a Motion for Post-Trial Relief, in which they alleged, inter alia, that the trial court's Opinion failed to address the Robertsons' Motion, at trial, for default judgment in their favor, due to the Ganleys' failure to file an answer to the Robertsons' Counterclaim. On March 28, 2018, the trial court issued an Amended Opinion and Order, wherein it restated its judgment in favor of the Ganleys, and stated that the Robertsons were not entitled to default judgment based upon their failure to give the Ganleys notice of their intent to seek default judgment, in

---

[1] The disputed property is located in Henry Clay Township, Fayette County, Pennsylvania.

accordance with Pa.R.C.P. 237.1(a)(2).[2]

On April 4, 2018, the Robertsons filed a second Motion for Post-Trial Relief, wherein they alleged, inter alia, that the trial court's verdict was against the weight of the evidence, and requested a new trial.  On November 7, 2018, following both parties' submission of briefs, and argument thereon, the trial court issued an Opinion and Order granting the Robertsons' Motion for a new trial, and setting aside its March 28, 2018, Opinion and Order.

On June 18, 2019, the trial court held a second non-jury trial (the "second trial"). On July 22, 2019, the trial court entered an Opinion and Order,[3] wherein it found in favor of the Robertsons, and ejected the Ganleys from the disputed property.  On August 1, 2019, the Ganleys filed a Motion for Post-Trial Relief, wherein they requested that the trial court reconsider its decision.    The trial court denied the Ganleys' Motion. The Ganleys

_____

[2] Rule 237.1(a)(2) states that "[n]o judgment … by default for failure to plead shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered" to the party against whom default judgment is sought.  Pa.R.C.P. 237.1(a)(2).

[3] Although the trial court dated the Opinion and Order "July 18, 2019," it was not docketed until July 22, 2019.

subsequently filed a timely Notice of Appeal[4] and a court-ordered Pa.R.A.P.

1925(b) Concise Statement of matters complained of on appeal.

The Ganleys present the following claims for our review:

1. Whether the trial court erred in holding that the Opinion and Order dated March 8, 2018[,] (and Amended Opinion and Order dated March 28, 2018), [which] held in favor of [the Ganleys] and against [the Robertsons], was against the weight of the evidence[,] when the court's [O]pinion and [O]rder was not so contrary to the evidence as to shock one's sense of justice.

2. Whether the trial court erred in holding for the [Robertsons], and against the [Ganleys], in the second non-jury trial held after setting aside the Opinion and Order dated March 8, 2018[,] (and subsequent Amended Opinion and Order [dated] March 28, 2018), when the [Ganleys] incorporated the testimony from the [first] trial in its entirety?

Brief for Appellant at 4.

In their first claim, the Ganleys argue that the trial court erred in

granting the Robertsons' Motion to reconsider its March 28, 2018, Opinion

---

[4] On January 22, 2020, this Court issued a Rule to Show Cause for the Ganleys to explain why we should not quash their appeal, based on Pa.R.A.P. 301 (stating that "no order of a court shall be appealable until it has been entered upon the appropriate docket in the trial court."); see also Brown v. Phila. Coll. of Osteopathic Med., 760 A.2d 863, 865 n.1 (Pa. Super. 2000) (stating that an appeal does not properly lie from an order denying post-trial motions, but rather, upon judgment entered following disposition of post-trial motions). The Ganleys filed a Response, attaching thereto an updated docket indicating that the trial court had entered Judgment on January 30, 2020. This Court subsequently discharged the Rule to Show Cause, and deferred the issue to the merits panel. We will consider this appeal as properly filed following the entry of Judgment. See Pa.R.A.P. 905(a)(5) (stating that "[a] notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof."). We have amended the caption accordingly.

and Order, and granting a new trial, on the grounds that the trial court's verdict was against the weight of the evidence. Id. at 8-11. The Ganleys claim that the trial court's March 28, 2018, Opinion and Order was well-reasoned and supported by the evidence, and should not have been disturbed. Id.

> The decision of whether to grant a new trial is within the sound discretion of the trial court. We will not disturb the trial court's decision unless the court palpably abused its discretion or committed an error of law. In evaluating an order awarding a new trial, we keep in mind that a new trial is warranted where the [fact-finder's] verdict is so contrary to the evidence as to shock one's sense of justice. However, a new trial should not be granted because of a mere conflict in testimony or because the trial judge, on the same facts, would have arrived at a different conclusion.

Peterson v. Shreiner, 822 A.2d 833, 836 (Pa. Super. 2003) (quotation omitted).

> [W]here the trial court has specifically enumerated the reasons on which it based its grant of a new trial, we may examine only those stated reasons to determine whether they may be supported by the record. Where the record adequately supports the trial court's reasons and factual basis, there is no abuse of discretion; however, if the record discloses that evidence was merely conflicting, the new trial order must be reversed.

Hobbs v. Ryce, 769 A.2d 469, 473 (Pa. Super. 2001) (citation omitted).

> Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against

the weight of the evidence and that a new trial should be granted in the interest of justice.

Corvin v. Tihansky, 184 A.3d 986, 992 (Pa. Super. 2018).

Here, Mechling testified that the Ganleys had hired him to investigate whether they owned the disputed property. N.T., 11/15/17, at 21-27. Mechling stated that as a part of his investigation, he discovered a 2005 retracement survey of a 1972 survey of the Ganleys' property. Id. Mechling testified that a retracement survey retraces the metes and bounds as described in a prior survey. Id. at 25. According to Mechling, the 2005 retracement survey revealed that the disputed property fell within the boundaries of the Ganleys' property. Id. at 24. On cross-examination, Mechling admitted that his testimony was solely based on a review of the 1972 survey and 2005 retracement survey. Id. at 25, 27.

Davin testified that as a part of his investigation, he reviewed deeds dating back to 1902, which set forth the "parent lines" for the Ganley and Robertson properties. Id. at 42-58. Davin explained that "parent lines" are the original property boundaries, before they were subdivided to create the current-day property boundaries. Id. at 42. Davin stated that he drafted a survey that reflected the Robertson's property, as described by the deeds comprising the parent tracts. Id.; see also Defendants' Exhibit 7 (survey of the disputed property); N.T., 11/15/17, at 659 (wherein Exhibit 7 was admitted into evidence). Based on Davin's survey, the disputed property falls within the boundaries of the Robertsons' property. Defendants' Exhibit

7; see also N.T., 11/15/17, at 42-54 (wherein Davin explains the location of the disputed property on the survey, the property lines making up the Robertsons' and Ganleys' properties, and deeds that provided each boundary line). Davin opined that the 1972 survey and 2005 retracement survey were inaccurate, based on his review of the deeds that defined the parent tracts. Id. at 55.

In granting the Robertsons' Motion to reconsider, the trial court stated that, upon a second review of the evidence, a miscarriage of justice had occurred because the evidence was contrary to its verdict. Trial Court Opinion, 11/7/18, at 4. The trial court explained that Davin's survey relied on the original deeds to determine the property boundaries, whereas Mechling's survey did not; and, Mechling did not dispute Davin's findings. Id. at 4-5. Accordingly, the trial court found that the evidence did not merely conflict, but favored ownership of the disputed tract by the Robertsons. Id. Based upon our review of the record, we conclude that the trial court's determination is supported by the evidence and its conclusion is sound. See Hobbs, supra. Because we discern no error or abuse of discretion, the Ganleys' first claim fails.

In their second claim, the Ganleys challenge the trial court's verdict, following the second trial, based on the same argument that they presented in their first claim. See Brief for Appellants at 12. The Ganleys also point out that the trial court incorporated the record from the first trial in the

second trial, and that they did not present additional evidence. Id. According to the Ganleys, they were "somehow defeated by the same evidence for which the trial court held in their favor, twice, in two well-reasoned Opinion[s] and Orders[,] and it was improper for the trial court to rule against them." Id.

As discussed infra, the trial court found that the evidence produced at the first trial favored ownership of the disputed tract by the Robertsons. Trial Court Opinion, 11/7/18, at 4-5. The Ganleys did not present any additional evidence at the second trial, and the trial court found in favor of the Robertsons based on the same evidence it had used to grant their Motion for a new trial. See Trial Court Opinion, 1/13/20. Based upon our review of the record, we conclude that the trial court's determination is supported by the evidence and its conclusion is sound. See Hobbs, supra. Because we discern no error or abuse of discretion, the Ganleys' second claim fails.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/30/2020

- 8 -