IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David G. Szymanski,                        :
                  Appellant            :
                                 :
          v.                              : No. 34 C.D. 2022
                                 : Submitted: December 30, 2022
Board of Supervisors of              :
New London Township                :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
                  HONORABLE CHRISTINE FIZZANO CANNON, Judge
                  HONORABLE STACY WALLACE, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WALLACE                          FILED: April 20, 2023

David G. Szymanski (Szymanski) appeals from the Order of the Court of Common Pleas of Chester County (Common Pleas) sustaining his appeal of the December 3, 2020 Decision of the New London Township (Township) Board of Supervisors (Board) and striking a condition imposed by the Board in its Final Minor Subdivision Plan decision. On appeal, Szymanski argues that even though he prevailed before Common Pleas, dictum in Common Pleas' opinion placed a cloud on the title to his real estate. As a result, he requests that this Court vacate the dictum in Common Pleas' opinion. Since Szymanski does not have standing, we dismiss his appeal.

## I.     Background

Common Pleas succinctly set forth the complex factual background and procedural history of this matter as follows:

David G. Szymanski is the owner of a farm of approximately 83 acres located [in] . . . New London Township, Chester County, Pennsylvania . . . (the "Property"). In 2018, Mr. Szymanski submitted to the Board an Application for Subdivision and Land Development and Final Minor Subdivision Plan (the "First Application" or "First Szymanski Plan"). The First Application sought to divide Mr. Szymanski's Property into two lots—Lot 2A, consisting of approximately 11.28 acres with a proposed residence, attendant driveway and storm water management area -- and Lot 2B, consisting of approximately 72.1 acres, including approximately 28.3 residual acres in New London Township and approximately 43.8 acres in Franklin Township containing Mr. Szymanski's residence and farm structures. After obtaining necessary approvals from other agencies and satisfactory reviews by the Chester County Planning Commission and the Township Engineer, the Board issued a written decision on March 7, 2019, approving the First Application, subject to conditions (the "First Decision"). One such condition was a requirement that the First Szymanski Plan include a note restricting any further subdivision of either parcel (the "First Condition"). . . .

The basis for the imposed First Condition was a previous note placed on the 2003 Final Minor Subdivision Plan submitted by then-owner Alice J. Conner (the "Conner Plan"). The Conner Plan, which predated Mr. Szymanski's purchase of the Property, contained the following language at Note 4:

> 4) Further subdivision of Lot #1 and Lot #2 shall be deed restricted as follows: Lot #1 shall be restricted to a maximum of one additional lot. Lot #2 shall be restricted to a maximum of one additional agricultural lot.
>
> Specific language addressing these restrictions shall be included in subsequent deeds of conveyance for these properties.

The following language appeared in the deed conveying Ms. Conner's interest in the Property to Mr. Szymanski:

> FUTURE SUBDIVISION: BUYER AGREES PURSUANT TO SELLER'S DESIRE THAT BUYER WILL AGREE TO ONLY SUBDIVIDING HIS PORTION OF THE PROPERTY INTO TWO (2)

2

PARCELS BOTH OF WHICH SHALL REMAIN SUBJECT TO ACT 319[1] AFTER SETTLEMENT.

By letter dated February 7, 2019, Mr. Szymanski expressly rejected the First Condition and requested that the Board unconditionally approve his First Application. It did not do so and on April 8, 2019, Mr. Szymanski filed a Notice of Appeal challenging the First Condition. Later, Mr. Szymanski withdrew his appeal.

Two years later, on October 14, 2020, Mr. Szymanski filed another Application (the "Second Application") and Final Minor Subdivision Plan (the "Second Szymanski Plan"). On November 11, 2020, at a public meeting, the New London Township Planning Commission recommended approval of the Second Szymanski Plan, subject to placement of the following note on the Second Szymanski Plan (the "Second Condition"):

12. This subdivision extinguishes the right to further subdivide by creating one new agricultural parcel on Lot #2 . . . as granted by the Final Subdivision Plan of Property Owned by Alice J. Conner dated 28 July 2003 last revised 29 September 2003. Upon approval of this subdivision, the new Lots #2A and #2B will be deed restricted from further subdivision.

By email dated November 13, 2020, Mr. Szymanski notified the Township that he would not agree to place the new Note 12 on the Second Szymanski Plan as proposed by the Planning Commission. By Decision dated December 3, 2020, the Board determined that if Mr. Szymanski did not submit a revised Final Subdivision Plan containing the new Note 12 within thirty (30) days, the Second Szymanski Plan was denied.

On January 4, 2021, Mr. Szymanski appealed the December 3, 2020 Decision of the Board.

Common Pleas Op., 12/6/21, at 1-3.

Common Pleas, by order filed December 6, 2021, sustained Szymanski's appeal, striking the Second Condition as a requirement for approval of Szymanski's

---

[1] Act of December 19, 1974, P.L. 973, *as amended*, 72 P.S. §§ 5490.1 – 5490.13

Final Minor Subdivision Plan. Common Pleas Order, 12/6/21. Despite obtaining the relief he requested, Szymanski appealed Common Pleas' decision to this Court. On appeal, Szymanski argues a portion of Common Pleas' opinion, in which Common Pleas determined the restrictions in Szymanski's deed were "binding on Mr. Szymanski and future property owners," placed a cloud upon his title. *See generally* Appellant's Br. Accordingly, Szymanski believes he was aggrieved by Common Pleas' opinion. *Id.* The Board, however, argues that Szymanski, as the prevailing party before Common Pleas, does not have standing to pursue this appeal.

## II.    Standing

Rule 501 of the Pennsylvania Rules of Appellate Procedure provides that "any party who is aggrieved by an appealable order . . . may appeal therefrom." Pa.R.A.P. 501. "Whether a party has standing to appeal is determined on a case-by-case basis and, if a person is determined aggrieved, he has standing." *Chiro-Med Rev. Co. v. Bureau of Workers' Comp.*, 908 A.2d 980, 984 (Pa. Cmwlth. 2006) (citation omitted). "As a general matter, the core concept of the doctrine of standing is that a person who is not adversely affected in any way by the matter he seeks to challenge is not 'aggrieved' and has no right to obtain a judicial resolution of his challenge." *In re T.J.*, 739 A.2d 478, 481 (Pa. 1999).

Generally, "[a] prevailing party is not 'aggrieved' and therefore, does not have standing to appeal an order that has been entered in his or her favor." *Ratti v. Wheeling Pittsburgh Steel Corp.*, 758 A.2d 695, 700 (Pa. Super. 2000). Where the prevailing party receives an incomplete remedy, however, they are generally permitted to appeal. *See Chiro-Med*, 908 A.2d 980, 985 (prevailing party permitted to cross-appeal where "it did not receive all the relief it requested"); *Marsh v. Hanley*, 856 A.2d 138 (Pa. Super. 2004) (appeal permitted where jury awarded wage

4

loss damages but did not award damages for compensable bodily injuries); *Pittsburgh Constr. Co. v. Griffith*, 834 A.2d 572 (Pa. Super. 2003) (prevailing party permitted to cross-appeal where trial court did not award contractual interest).

In essence, Szymanski filed a subdivision plan and requested approval from the Board. When the Board determined it would not approve his plan unless he added additional notations to the plan, Szymanski appealed and requested that Common Pleas strike the Board's requirement for additional notations. Common Pleas sustained Szymanski's appeal and struck the Board's requirement for additional notations. As a result, Szymanski was the prevailing party, and he received all of the relief he requested from Common Pleas.

Nevertheless, Szymanski believes he was aggrieved by a statement in Common Pleas' opinion, which Szymanski repeatedly calls dictum. *See generally* Appellant's Br. "Judicial dictum has been defined as '[a]n opinion by a court on a question that is directly involved, briefed, and argued by counsel, and even passed on by the court, but that is not essential to the decision.'" *City of Lower Burrell v. City of Lower Burrell Wage & Policy Comm.*, 795 A.2d 432, 437 n. 7 (Pa. Cmwlth. 2002) (citation omitted). "Dicta has no precedential value." *Id.*

We agree with Szymanski that Common Pleas' statement that restrictions in Szymanski's deed were binding on Szymanski and future property owners was judicial dictum. Common Pleas' ultimate decision was that the Board's imposition of additional conditions was improper. Whether restrictions in Szymanski's deed were binding on Szymanski and future owners was not essential to that decision.

We are not persuaded, however, by Szymanski's arguments that Common Pleas' statement "has a confiscatory effect on [his] property." *See* Appellant's Br. at 4, 5. Szymanski concedes Common Pleas' statement was dictum, which means

that it has no precedential value.  As a result, Common Pleas' statement does not take anything from Szymanski, nor does it affect his ability to pursue any issues in the future.

### III.    Conclusion

Szymanski received a complete remedy in his appeal to Common Pleas, where he was the prevailing party.  In addition, Common Pleas' statement that restrictions in Szymanski's deed were binding on Szymanski and future property owners did not adversely affect Szymanski, because he concedes this statement was non-precedential dictum.  Therefore, Szymanski is not an "aggrieved" party under Pennsylvania Rule of Appellate Procedure 501, and he lacks standing to appeal.  Accordingly, we dismiss Szymanski's appeal.

 

_____
STACY WALLACE, Judge

Judge Fizzano Cannon concurs in result only.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David G. Szymanski,                          :
                    Appellant     :
                               :
          v.                          : No.  34 C.D. 2022
                               :
Board of Supervisors of                      :
New London Township                          :

# **O R D E R**

    **AND NOW**, this 20th day of April 2023, the appeal of David G. Szymanski from the Court of Common Pleas of Chester County's order, docketed on December 6, 2021, is hereby **DISMISSED**.


                                    _____
                                    STACY WALLACE, Judge